## Court of Appeals.

April 14, 1896.

## PEOPLE v. CHARLES PUSTOLKA.

Evidence—Homicide—Photographs.

Photographs of the premises where the homicide took place and of certain articles of clothing, are admissible upon the trial of an indictment for a homicide.

Appeal from a judgment convicting defendant of murder.

Thomas Garret Fennell, for appellant.

John D. Lindsay, for the People.

BARTLETT, J.—This case was submitted to us without argument as to the exceptions contained in the record, and the objection to the jurisdiction of the court on the ground that Mr. Justice Keogh was not qualified to hold a term of court in the first department was, under stipulation of counsel, to be disposed of in accordance with our decision of the same point raised in People v. Herrmann (N. Y. App.), 3 F. & S. Cr. R. 217, being the case argued immediately preceding this. In the latter case we decided that Mr. Justice Keogh was duly authorized to hold the term of court at which this defendant was tried, convicted, and sentenced, and we therefore overrule the objection to the jurisdiction in the case at bar, in pursuance of the stipulation of counsel.

We have carefully examined this record, and reached the conclusion that no reversible error is presented by the exceptions or otherwise. The admission in evidence of the photographs of the premises where the homicide took place, and of certain articles of clothing, was proper, and not calculated to prejudice the defendant in any possible aspect of the case. The unsworn evidence of defendant's little ten year old daughter was properly received, and her statement was clearly supported by other evidence in the case, as required by section 392, Code Cr. Proc.

The judge's charge was fair, clear, and impartial, and the exceptions do not call for extended comment. We deem it unnecessary to discuss in detail the crime of which the defendant has been adjudged guilty. The jury has found, upon practically undisputed evidence, that on the 28th day of August, 1895, the defendant stabbed his wife to death, at their residence, in the city of New York, and that, in so doing, he was guilty of murder in the first degree. The jury, with a due regard for their oaths, could not have reached any other conclusion. This defendant has had a fair trial, and we see no reason to interfere with the verdict of the jury. The judgment appealed from should be affirmed, and the record remitted to the supreme court to carry out the sentence.

All concur.

Judgment affirmed.