OPINION OF THE COURT
Kaye, J.
 Did defendant have a right to be present when the trial court preliminarily examined a child-witness to determine whether she understood the nature of an oath? We conclude that defendant did not have that right, and accordingly sustain his conviction.
I.
In March 1988, defendant was indicted for rape, sodomy and *452 other crimes against R.H. and E.T., children with whom he lived for several years in the role of stepfather. Both children testified at trial; E.T. was at that time 13 years old and R.H. nine. As R.H. was less than 12, the trial court was required to find that she understood "the nature of an oath” before she could give sworn testimony (CPL 60.20 [2]).
The court conducted a competency inquiry after trial had commenced, but outside the jury’s presence. Informing defense counsel that the proceeding was "not something that your client has a right to be present at,” the Judge excluded defendant from the hearing so the child would not be "distracted by anyone at all.” The court permitted defense counsel and the prosecutor to attend but not directly examine the witness, asking instead for submission of any additional questions the attorneys might wish to have posed.
After several general questions about school, the Judge asked R.H. if she knew why she was in court, to which she answered: "Because Edwin, the father of my brothers, he did fresh things to me.” The court then ascertained whether the child knew the difference between telling the truth and a lie, and her understanding of the consequences of lying. The court also assured itself that the child would testify only from personal knowledge, and would respond "I don’t know” or "I forgot” as necessary. Finally, at defense counsel’s request, the court asked R.H. if she understood the roles of the Judge, prosecutor and defense counsel.
At the conclusion of the inquiry, the court found that R.H. was capable of giving sworn testimony. Upon cross-examinatian after R.H.’s direct testimony at trial, counsel asked her if she knew that it was wrong to tell a lie and that she would be punished if she did so. R.H responded affirmatively to both questions.
The jury convicted defendant of rape and sodomy. Defendant appealed, arguing that his constitutional and statutory rights to be present at trial were violated when he was barred from the competency hearing. The Appellate Division unanimously rejected defendant’s claims, and we affirm.
n.
Analysis begins with the nature of the proceeding from which defendant was excluded.
CPL 60.20 (2) establishes a rebuttable presumption that a child less than 12 is incapable of giving sworn testimony in a *453 criminal proceeding (see, People v Hetrick, 80 NY2d 344, 349; People v Nisoff, 36 NY2d 560, 565-566). The presumption is overcome, however, if the court is satisfied that the child "understands the nature of an oath” (CPL 60.20 [2]). Before making that determination, the court is required to conduct a preliminary examination of the prospective witness, which typically involves several interrelated inquiries: "does the child know the difference between a lie and the truth; does the child know the meaning of an oath; does the child understand what can happen if she tells a lie; and does the child have ability to recall and relate prior events.” (Bamberger and Allman, Some Special Concerns in the Trial of Child Sexual Abuse Cases, 64 NY St BJ 18, 20 [May/June 1992]; see also, Kentucky v Stincer, 482 US 730, 741.)
Even if the court finds that the child cannot appreciate an oath, it may permit unsworn testimony if satisfied that "the witness possesses sufficient intelligence and capacity to justify the reception thereof’ (CPL 60.20 [2]; see, People v Pustolka, 149 NY 570, 570 [decided under predecessor statute]). A defendant may not, however, be convicted of an offense based solely on unsworn testimony (CPL 60.20 [3]).
As the only purpose of a CPL 60.20 hearing is to determine a witness’ testimonial capacity, it is plain that the proceeding is unrelated to the basic issues at trial (see, Kentucky v Stincer, 482 US, at 741, supra). No evidentiary testimony is taken — that is the function of trial; rather, the sole issue under consideration is the mental capacity of a prospective witness. Consequently, although the hearing may take place in the midst of trial, it can also be conducted pretrial. Indeed, pretrial inquiry may lead to a finding that a child lacks capacity to testify, and thus to dismissal of all or part of the case (compare, Kentucky v Stincer, 482 US, at 732, n 1, supra). Alternatively, a finding that a child could provide only unsworn testimony would alert the parties to the need for corroboration.
III.
Against this backdrop, we first consider whether defendant’s Federal due process right to be present at trial was violated when the CPL 60.20 hearing was conducted in his absence.
In Snyder v Massachusetts (291 US 97 [Cardozo, J.]) the Supreme Court held that a defendant’s presence was required as a matter of due process "to the extent that a fair and just *454 hearing would be thwarted by his [or her] absence, and to that extent only.” (291 US, at 107-108.) In other words, the constitutional right to be present arises "whenever [defendant’s] presence has a relation, reasonably substantial, to the fulness of [the] opportunity to defend against the charge.” (297 US, at 105-106.) Conversely, there is no right when "presence would be useless, or the benefit but a shadow.” (297 US, at 106-107.) More than half a century later, Justice Cardozo’s formulation retains vitality (see, Kentucky v Stincer, 482 US, at 745).
Stincer is dispositive of defendant’s Federal claims. In that case, the Kentucky Supreme Court overturned defendant’s sodomy convictions because defendant was excluded from an in-chambers hearing to determine the testimonial capacity of two children. The United States Supreme Court reversed, holding that defendant’s Confrontation Clause rights were not violated because the witnesses were subject to cross-examinatian at trial, after which defendant could have sought reconsideration of the competency ruling (482 US, at 744). More pertinent to the present case, the Supreme Court also rejected defendant’s constitutional right-to-be-present claim, holding that the hearing was not related to the witnesses’ substantive testimony and defendant had made no showing that his presence would have been useful in ensuring a more reliable determination of competency (482 US, at 745-747).
Defendant would distinguish Stincer on two grounds: first, that the hearing in his case involved substantive testimony and second, that his relationship with R.H. could have rendered his presence at the hearing useful.
Although the Supreme Court in Stincer noted that "a competency hearing in which a witness is asked to discuss upcoming substantive testimony might bear a substantial relationship to a defendant’s opportunity better to defend * * * at trial” (482 US, at 746), we conclude that the CPL 60.20 proceeding here does not implicate that concern. In support of his argument, defendant relies on R.H.’s statement that she was in court "[b]ecause Edwin, the father of my brothers, he did fresh things to me.” We fail to see how this brief statement — which was not in response to a question designed to elicit substantive testimony — could have borne a "substantial relationship” to the opportunity to defend at trial (Kentucky v Stincer, 482 US, at 746). To the contrary, the transcript confirms that the hearing was confined to issues relating to competency.
*455 Defendant’s alternative basis for distinguishing Stincer is similarly without merit because we conclude (as did the Supreme Court in Stincer) that defendant "has presented no evidence that his relationship with the child[], or his knowledge of facts regarding [her] background” could have resulted in a more assured determination of competency (482 US, at 747). Although on this appeal defendant suggests a number of ways he "might” or "could” have affected the court’s competency ruling, he never presented those arguments to the hearing court for evaluation and thus his claims necessarily remain speculative.
Moreover, if in fact defendant had knowledge of peculiar traits that bore on R.H.’s competency, he could have told counsel, who undoubtedly would have raised the issue at the hearing. Upon R.H.’s cross-examination at trial, defense counsel had the opportunity to — and briefly did — revisit the issue of competency, in defendant’s presence, and there is no suggestion that the court’s competency determination was erroneous (compare, Kentucky v Stincer, 482 US, at 740).
We conclude, therefore, that defendant’s presence at the competency hearing would have been "useless, or the benefit but a shadow” (Snyder v Massachusetts, 291 US, at 106-107, supra), and thus there was no Federal due process violation.
IV.
We next consider whether defendant was deprived of the right to be present under our independent body of State law.
The Criminal Procedure Law mandates that a "defendant must be personally present during the trial of an indictment” (CPL 260.20).[1] This statute serves a dual purpose: "to prevent the ancient evil of secret trials” and to "guarantee the defendant’s right to be present at all important stages” of trial (People ex rel. Lupo v Fay, 13 NY2d 253, 256; see also, People v Anderson, 16 NY2d 282, 287).
Interpreting the statute, we have held that the word "trial” includes "impaneling the jury, the introduction of evidence, the summing up of counsel, and the charge of the court to the jury, receiving and recording the verdict.” (Maurer v People, *456 43 NY 1, 3; see also, People v Mullen, 44 NY2d 1, 4.) To the extent there is a concern about secret trials, defendant’s presence serves a symbolic function, and thus the right does not rest exclusively on defendant’s potential contribution to the proceedings. Indeed, a defendant’s appearance at rendition of the verdict could serve little practical function (see, Goldin, Presence of the Defendant at Rendition of the Verdict in Felony Cases, 16 Colum L Rev 18, 24 [1916]), yet defendant has a right to be present (see, Maurer v People, 43 NY, at 3, supra). Trial in absentia is impermissible except in limited circumstances (see, CPL 260.20 [disorderly and disruptive defendant may be removed from courtroom]).
Apart from the core segments of trial, prosecutions entail myriad ancillary proceedings, some conducted pretrial, others during trial (see, e.g., People v Dokes, 79 NY2d 656 [Sandoval hearing]; People v Sloan, 79 NY2d 386 [voir dire of prospective jurors]; People v Turaine, 78 NY2d 871 [hearing on admissibility of alleged threats]; People v Mullen, 44 NY2d 1, supra [hearing on disqualification of seated juror]; People v Anderson, 16 NY2d 282 [pretrial motion to suppress]). In these cases, we have found the principles enunciated in Snyder v Massachusetts to be a "sound, fair guide for decision” (People ex rel. Lupo v Fay, 13 NY2d, at 256, supra [legal argument for discharge of jury]).
That is not to say that our statutory provision is coextensive with Federal due process — some of our decisions give greater protections than appear to be constitutionally required (see, e.g., People v Antommarchi, 80 NY2d 247; People v Dokes, supra; see also, People v Mitchell, 80 NY2d 519, 528 [decided today]). Rather, based on our own body of State law, we look to the effect that defendant’s absence might have on the opportunity to defend.
Accordingly, we found no abrogation of the defendant’s rights when he was absent from a precharge conference (People v Velasco, 77 NY2d 469, 472) or a colloquy regarding sufficiency of a readback (People v Rodriguez, 76 NY2d 918, 921), but have held that where defendant has something valuable to contribute, presence is generally required (see, e.g., People v Dokes, 79 NY2d, at 661, supra [at Sandoval hearing, defendant in best position to point out errors in rap sheet and provide details about charged and uncharged bad acts]; People v Anderson, 16 NY2d, at 288, supra [at pretrial suppression hearing, only defendant can inform attorney about inconsistencies, errors or falsities in witness’ testimony]).
*457 Although the Supreme Court in Stincer did not think it helpful to distinguish between trial and pretrial proceedings for a Confrontation Clause analysis (482 US, at 739-740), the distinction between core segments of trial and ancillary proceedings is important for a State law analysis because a defendant usually has an unfettered right to attend trial— regardless of his or her potential contribution — but only a qualified right to attend ancillary proceedings.[2] As discussed earlier, a CPL 60.20 hearing is not a core part of the trial and indeed could have been conducted pretrial. Therefore, we must evaluate the extent to which defendant’s exclusion affected his ability to defend.
Taking Snyder v Massachusetts as our guide, the Supreme Court’s decision in Stincer — applying Snyder to the same sort of proceeding involved here — is persuasive authority. Moreover, the result in Stincer is consistent with our own precedents. The hearing did not involve evidentiary testimony (compare, People v Anderson, 16 NY2d 282, supra; People v Turaine, 78 NY2d 871, supra) or issues about which defendant has shown he had special knowledge (compare, People v Dokes, 79 NY2d 656, supra). Instead, the proceeding related to a witness’ testimonial capacity, a legal determination unrelated to trial issues. In that regard, the case is analogous to People v Mullen (supra) and People v Torres (80 NY2d 944), where we found no error when defendant was absent from a hearing to determine whether a seated juror should be disqualified. Similarly, in People v Velasco (77 NY2d, at 473, supra) we observed that the determination of a prospective juror’s qualifications to serve was a matter solely for the court, and defendant did not have a right to be present at the the conference. In these circumstances, moreover, we perceive no greater right to be present under our State Constitution than already provided by statute.
Accordingly, the order of the Appellate Division should be affirmed.
Acting Chief Judge Simons and Judges Titone, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed.

. This provision is derived from, and materially similar to, its predecessor, former Code of Criminal Procedure § 356 (1881), which in turn was derived from Revised Statutes of New York (part IV, ch II, tit V, § 13 [1829]).

. Of course, a de minimis violation of the absolute right to be present at trial would not necessarily result in reversal (see, e.g., People u Bragle, 88 NY 585).