■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MIRANDA, Appellant. [602 NYS2d 372] —Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered March 25, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Defendant sought to base a drug sweep defense on a portion of the arresting officer's grand jury testimony. The court properly made an in camera inquiry of the chief reporter for the prosecutor's office and, without the aid of cross-examination, determined that the transcript contained a key typographical error, and ruled that defendant could not use the uncorrected line of transcript without a presentation of a rebuttal witness for the People, whom defendant would have the opportunity to cross-examine. Defendant's contention that his right to confront the chief reporter was violated is without merit. The right of confrontation does not impose an absolute right to cross-examine in camera where, as here, the witness would be available for cross-examination at trial *(see, People v Morales,* 80 NY2d 450, 454, citing *Kentucky v Stincer,* 482 US 730, 744).

We have considered the defendant's remaining argument, and find it to be without merit. Concur—Carro, J. P., Rosenberger, Ross and Asch, JJ.