■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH DELGADO, Appellant. [610 NYS2d 770] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), ren-

dered April 6, 1992, convicting defendant, after a jury trial, of attempted aggravated assault upon a police officer, and sentencing him to a term of 5 to 15 years, unanimously affirmed.

Defendant's two *Rosario* claims are not preserved because he failed to raise them in the trial court *(see, People v Jackson,* 78 NY2d 900; *People v Simonds,* 73 NY2d 945). If we were to consider defendant's claims on the record established, we would find that he was not substantially prejudiced by the delayed disclosure of the December 27, 1990 examination notes *(People v Banch,* 80 NY2d 610, 617).

With respect to the July 8, 1991 notes, while there may be some ambiguity in the record, it was defendant's obligation to clarify that issue. We find indications in the record that these notes were in court and subject to a *Rosario* objection.

The court properly relied on Dr. Schneider's testimony (which considered defendant's self-inflicted injury), as well as his reports, the reports of Dr. Emilia Salanga, and its own observations in determining that defendant was competent to stand trial *(People v Gensler,* 72 NY2d 239, 244, *cert denied* 488 US 932). Nor was it an abuse of discretion not to order, *sua sponte,* a new competency hearing *(People v Rodriguez,* 56 NY2d 557), and we accord substantial deference to her decision that defendant was competent *(People v Robustelli,* 189 AD2d 668, 672, *lv denied* 81 NY2d 975). Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Ross, JJ.