OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 On this appeal we revisit the subject of a criminal defendant’s right to be present during sidebar discussions with prospective jurors.
 

 Defendant was tried in May 1989 for sale of cocaine to an undercover officer. During voir dire, three prospective jurors stated in sidebars with the court that they might know the defendant, his family or the location of the crime. Several other venirepersons indicated general bias or personal obstacles that prevented them from offering jury service. Each was
 
 *116
 
 excused. Although the prosecutor and defense counsel participated in the sidebar discussions, these took place outside defendant’s hearing. Defendant objected to the racial composition of the jury after it was impaneled, but did not offer a timely protest to the conduct of sidebars in his absence.
 

 In a memorandum dated December 1, 1992, the Appellate Division reversed the conviction, finding on the basis of
 
 People v Antommarchi
 
 (80 NY2d 247) — decided October 27, 1992— that defendant’s right to be present at the sidebar conferences had been violated. On December 17, 1992, however, we held in
 
 People v Mitchell
 
 (80 NY2d 519) that the
 
 Antommarchi
 
 rule was prospective only. The People’s motion for reargument in light of
 
 Mitchell
 
 was denied, without opinion.
 

 Defendant contends that his case is distinguishable from
 
 Antommarchi
 
 because here the voir dire questioning concerned "specific bias” — possible familiarity with him or some aspect of his case. In
 
 Antommarchi,
 
 by contrast, inquiry concerned general bias, such as whether the venireperson had been the victim of a crime. Where questioning concerns specific bias, defendant argues, the right to be present is constitutional in nature under
 
 People v Sloan
 
 (79 NY2d 386;
 
 see, Mitchell,
 
 80 NY2d, at 527), and should be given retroactive effect
 
 (see, Griffith v Kentucky,
 
 479 US 314).
 
 *
 
 Concluding that the right to be present at voir dire sidebars is statutory — not constitutional — in nature, whether inquiry concerns "specific” or "general” bias, we reverse the decision of the Appellate Division overturning defendant’s conviction for lack of presence at the sidebars.
 

 Analysis
 

 Unquestionably, a defendant’s right to be present at material stages of trial stems from the Due Process Clauses of the State and Federal Constitutions as well as State statute
 
 (People v Rosen,
 
 81 NY2d 237, 243;
 
 People v Morales,
 
 80 NY2d 450, 453-457). As a constitutional matter, a defendant has a right to be present pursuant to the Confrontation Clause at
 
 *117
 
 any stage of trial where witnesses or evidence against him are being presented to the trier of fact
 
 (Kentucky v Stincer,
 
 482 US 730, 739). Beyond this, a defendant has a due process right to be present if that presence "might bear a substantial relationship to a defendant’s opportunity better to defend himself at trial” and the stage of the criminal proceeding is "critical” to its outcome
 
 (Kentucky v Stincer,
 
 482 US, at 745-746;
 
 see also, United States v Gagnon,
 
 470 US 522, 526;
 
 Snyder v Massachusetts,
 
 291 US 97, 105;
 
 People v Mitchell,
 
 80 NY2d, at 526-527). Our Court has identified these constitutionally significant stages of trial as "core” proceedings
 
 (Morales,
 
 80 NY2d 450, 455-457,
 
 supra).
 

 CPL 260.20 confers upon a defendant the broader right to be "personally present” during the trial of an indictment. Trial, as a matter of State law, includes not only "core” proceedings such as the taking of testimony but also a myriad of "ancillary” proceedings
 
 (see, People v Morales,
 
 80 NY2d 450, 453, 456,
 
 supra).
 
 Because our State statute confers protection beyond the guarantees of the Federal Constitution (80 NY2d 450, 456,
 
 supra),
 
 we have not found it necessary to identify the root source of the right to be present at ancillary proceedings unless called upon to consider questions of retroactivity. In that circumstance, however, we have consistently characterized the right as statutory
 
 (People v Favor,
 
 82 NY2d 254, 262;
 
 People v Mitchell,
 
 80 NY2d 519,
 
 supra).
 
 In particular, the right to be present at voir dire sidebars — an ancillary proceeding — is conferred solely by CPL 260.20
 
 (People v Favor,
 
 82 NY2d, at 262,
 
 supra; People v Antommarchi,
 
 80 NY2d 247, 250,
 
 supra).
 

 Sidebar conferences most often relate to one of two subjects: availability to serve, or ability to remain objective in light of a juror’s personal experience. Where sidebar inquiry is directed only to ministerial matters — such as availability for jury service — not even the statutory right is triggered. Presence of counsel alone is sufficient to protect a defendant’s interests
 
 (People v Velasco,
 
 77 NY2d 469).
 

 In
 
 People v Sloan
 
 (79 NY2d 386), by contrast, we explained that where sidebar questions concern a venireperson’s ability to remain objective, through exploration of bias, hostility or predisposition to believe or discredit the testimony of potential witnesses, a defendant’s presence would permit assessment of a juror’s "facial expressions, demeanor and other subliminal responses.” Distinguishing
 
 Velasco,
 
 we concluded that where
 
 *118
 
 bias is at issue, a defendant’s presence could have a substantial effect on the ability to defend against the charges (79 NY2d, at 392). Similarly, in
 
 Antommarchi,
 
 we again acknowledged a right to be present under CPL 260.20 whenever bias is explored, citing
 
 Sloan
 
 — without distinguishing between "general” and "specific” bias (80 NY2d, at 250).
 

 Although rooted in due process concerns,
 
 Velasco
 
 and
 
 Sloan
 
 were not directed to the distinction now urged by defendant between a constitutional and statutory right to be present. Rather, the distinction drawn was between the statutory right
 
 (Sloan/Antommarchi)
 
 and no right at all
 
 (Velasco).
 

 Defendant correctly points out that we have cited
 
 Snyder v Massachusetts
 
 (291 US 97, 108,
 
 supra)
 
 — a case construing the scope of the Federal due process right to be present — as supporting a due process right to be present at voir dire sidebars
 
 (People v Sloan,
 
 79 NY2d, at 391-392;
 
 People v Velasco,
 
 77 NY2d, at 472), but misreads the significance of that citation. Reliance on
 
 Snyder
 
 in the context of our State statutory right to be present can be traced to
 
 People ex rel. Lupo v Fay
 
 (13 NY2d 253, 256), where we first borrowed
 
 Snyder’s
 
 language as the starting point for construing the scope of the statutory right to be present under section 356 of the Code of Criminal Procedure, the predecessor to CPL 260.20. Under our own body of State law, we now look to the effect that defendant’s absence might have on the opportunity to defend as measure of whether the statutory right to be present at an ancillary trial proceeding is triggered
 
 (Morales,
 
 80 NY2d, at 456;
 
 see also, People v Aguilera,
 
 82 NY2d 23, 34).
 

 A defendant’s right to attend ancillary proceedings may be qualified as a Federal constitutional matter because these proceedings are not always critical to the outcome of the criminal proceedings. But under our State statute — conferring broader protection — presence is generally required even at these ancillary proceedings so long as the defendant can potentially contribute to the proceeding. Such a stage of the proceeding is material under our State law. An ancillary proceeding may be material for purposes of the statutory right to be present, even though it is not a core proceeding for purposes of the Federal constitutional right to be present
 
 (Morales,
 
 80 NY2d, at 456-457).
 

 In
 
 People v Dokes
 
 (79 NY2d 656), for example, we took note of the potential for meaningful participation by the defendant during the determination of the merits of a
 
 Sandoval
 
 hearing,
 
 *119
 
 but ultimately determined the right to presence as statutory in nature
 
 (People v Favor,
 
 82 NY2d 254, 262,
 
 supra).
 
 Likewise, our emphasis in
 
 Sloan
 
 on New York’s long recognition of a fundamental right to be present with counsel at all material stages of trial (79 NY2d, at 391), particularly when that opinion is read in conjunction with
 
 Velasco
 
 and
 
 Antommarchi,
 
 establishes the doctrinal underpinning of the right to be present at voir dire sidebars as one of State, not Federal, law.
 

 Defendant’s claim thus is determined by
 
 Mitchell
 
 and cannot be given retroactive effect. We likewise reject defendant’s contention that in
 
 People v Velasco
 
 (77 NY2d 469,
 
 supra)
 
 we implicitly recognized a defendant’s right to be present at voir dire as including the right to veto his counsel’s choices in selecting a jury
 
 (see, People v Mirenda,
 
 57 NY2d 261, 265-266, n).
 

 Accordingly, the Appellate Division order should be reversed and the case remitted to the Appellate Division, First Department, for consideration of the facts (CPL 470.25 [2] [d]; 470.40 [2] [b]).
 

 Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.
 

 *
 

 Alternatively, he argues that relief under
 
 Antommarchi
 
 should be granted retroactively where the defendant protested the manner in which voir dire was conducted. Defendant’s objection to the racial composition of the impaneled jury was, however, insufficient to alert the court to his present contention that he should have been present at sidebar discussions (CPL 470.05 [2];
 
 People v Bonaparte,
 
 78 NY2d 26, 31-32;
 
 People v Fleming,
 
 70 NY2d 947, 948).