■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST ENGLETON, Appellant. [615 NYS2d 364] —Judgment, Supreme Court, New York County (Martin H. Rettinger, J.), rendered November 25, 1992, convicting defendant, after a bench trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to an indeterminate prison term of 3 to 6 years, unanimously reversed, on the law and on the facts, and the matter remanded for a new trial.

CPL 260.20 requires, in part, that "[a] defendant must be personally present during the trial of an indictment". The Court of Appeals, in *People v Morales* (80 NY2d 450, 455-456), interpreted that phrase to mean that a defendant's presence is mandated at a core segment of the trial, such as jury impanelment, introduction of evidence, jury charge, or receiving and recording the verdict, but for ancillary proceedings, such as a *Sandoval* hearing or the voir dire of prospective jurors, whether defendant's presence is required depends on the effect it might have on his ability to defend.

The pretrial colloquy at issue here, where the Judge who was about to commence defendant's bench trial apprised defense counsel of defendant's rumored intention to snatch an officer's weapon and "take somebody out this afternoon", was an ancillary proceeding, but one which bore upon defendant's fundamental right to a fair trial. It was quite possible that this rumor might prejudice the court, given the crime with which defendant was charged and the potential threat the rumor posed to the Judge and courtroom personnel. Defendant's presence would have allowed him to explain or deny the rumor, and more importantly, to assess the Judge's "facial expressions, demeanor and other subliminal responses" in deciding whether he wanted to be tried by him *(People v Sloan,* 79 NY2d 386, 392). Accordingly, defendant should have been apprised of the situation before trial and allowed to reconsider his position. Concur—Murphy, P. J., Wallach, Kupferman and Williams, JJ.