OPINION OF THE COURT
Walter B. Tolub, J.
The defendant moves for an order pursuant to CPLR 2302 (b) directing that the defendant, who is currently incarcerated, *525 be produced for a hearing to be conducted in connection with a motion to dismiss the complaint.
The facts in this action have been highly publicized and do not bear repeating here. On December 3, 1990, Justice Eugene Nardelli ordered that a hearing be held to determine "whether and for what period plaintiff was under a disability because of insanity within the meaning of CPLR 208”. The court held in abeyance its decision whether to dismiss all causes of action arising more than a year before service of the summons, pending the receipt of a referee’s report on the hearing. This hearing is now scheduled for late October 1994.
The defendant argues that he has a fundamental right to be present at this hearing. It is the defendant’s contention that his counsel cannot adequately conduct a hearing without his presence.
There is no question that the Due Process Clause of the Constitution provides every litigant the right to be present during every stage of the trial of an action (see, Matter of Cecilia R., 36 NY2d 317). However this does not translate, as the defendant would have the court believe, that a party has a fundamental right to be present at every stage in a proceeding. In criminal cases, for example, defendants have been excluded from certain hearings where the presence of the defendant would be useless or the "benefit but a shadow” (People v Morales, 80 NY2d 450, 454, citing Snyder v Massachusetts, 291 US 97, 106-107). In Morales, the issue before the Court was whether it was reversible error to exclude the defendant when the court preliminarily examined a child witness to determine whether she understood the nature of an oath. The Court held that the defendant’s rights were not violated as the defendant’s presence was not necessary to aid in his defense or deal with issues about which defendant had a special knowledge.
In this action while the fundamental right to be present during trial is not at issue the defendant seeks to extend this right to be present at a hearing in which the competency of the plaintiff is at issue. The fundamental right of a defendant to be present during a criminal trial is much more compelling than is defendant’s right to be present during a civil trial. The defendant’s right to be present at a civil trial is not absolute (see, Matter of Raymond Dean L., 109 AD2d 87). The liberty stakes at interest at a criminal trial warrant a greater assurance that the rights of the accused are protected and to insure *526 that the individual be given the opportunity to assist in his defense. In a civil action there are no liberty interests at stake and while a defendant certainly has the right to be present at trial in order to assist in his defense, this right does not necessarily extend to a hearing such as the one ordered by Justice Nardelli. The defendant has failed to present a cogent argument which convinces the court that his presence at the hearing is necessary.
The defendant argues that his presence is necessary in order to confer with counsel, so that his counsel "may be in a position to refute or challenge the testimony regarding these events, or to understand the context or psychological input of the alleged occurrences.”
The fact of the matter is that the determination of the plaintiff’s competency can only be arrived at by the testimony and opinion of mental health experts. There is nothing that the defendant can add to this hearing which would serve to make his presence necessary (see, e.g., Kentucky v Stincer, 482 US 730). More importantly, because the only way to determine plaintiff’s mental state is by expert testimony, there is no real necessity that the defendant be present. The purpose of this hearing is not to determine whether the plaintiff has a meritorious claim, but to determine whether she was under a mental disability at the time she filed this lawsuit. The fact that the defendant may be able to assist in cross-examination of the plaintiff is irrelevant, since the plaintiff’s mental disability can only be determined by objective criteria, as testified to by experts. The denial of this application would not serve to violate any due process rights as the defendant still has the opportunity to be present at trial and to defend against each of the plaintiff’s allegations on the merits. The defendant has not demonstrated that he has any particular expertise which would make his presence necessary.
Finally, the court is convinced that the media attention this hearing would attract if the motion was granted, along with the attendant security problems it will create, outweigh any argument the defendant may advance to be present.
Accordingly, the defendant’s motion is denied.