■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER MEDINA, Appellant. [617 NYS2d 230] —Yesawich Jr., J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered June 14, 1991, upon a verdict convicting defendant of the crime of murder in the second degree.

Convicted of intentionally killing a fellow inmate at Elmira Correctional Facility in Chemung County, and sentenced to an indeterminate prison term of 25 years to life to run consecutively with the sentence he was serving when the crime was committed, defendant appeals. After fully considering defendant's various arguments, we find nothing in the record that warrants reversal of the conviction or modification of the sentence imposed.

Defendant first argues that his right to be present at all material stages of the trial *(see,* CPL 260.20) was violated when County Court conferred with the attorneys, outside defendant's presence, about the possibility that defense counsel's prior representation of a chief prosecution witness, Steven Adames, created an impermissible conflict of interest. This inquiry was directed solely to the circumstances of the prior representation, however, and did not involve factual matters having any bearing on defendant's guilt or innocence, or about which he had any peculiar knowledge *(see, People v Dokes,* 79 NY2d 656, 660); nor has defendant delineated any substantial way in which his presence might have affected his ability to defend against the charges leveled at him *(see, People v Sprowal,* 84 NY2d 113, 118; *compare, People v Sloan,* 79 NY2d 386, 392-393). Accordingly, the contention that he was deprived of his statutory or constitutional rights in this regard is meritless *(see, People v Sprowal, supra; People v Morales,* 80 NY2d 450, 456).

Neither are we persuaded that County Court erred in failing to inform defendant of the possibility of his counsel's conflict of interest, and to conduct a *Gomberg* inquiry *(see,*

*People v Gomberg*, 38 NY2d 307, 313). Significantly, this was not a case of joint representation by counsel of two present clients; defense counsel's representation of Adames, which involved an entirely different incident, ended two months prior to the crime with which defendant was charged *(see, People v Jordan,* 83 NY2d 785, 787-788). Moreover, although counsel's duty of confidentiality to his former client may have created a potential for conflict, the attorney's vigorous representation of defendant, in which he attempted to implicate Adames as the murderer, demonstrates that his conduct was not adversely affected by any limitations stemming from his prior representation of Adames *(see, supra,* at 787; *People v Perez,* 70 NY2d 773, 774; *People v Lombardo,* 61 NY2d 97, 103).

With respect to the prosecutor's alleged failure to produce *Rosario* and *Brady* material in a timely fashion, it suffices to note that neither the holding in *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866) nor the statutory codification of that rule *(see,* CPL 240.45 [1]) requires that prior statements made by *defense* witnesses be produced by the People *(see, People v Love,* 187 AD2d 1030, *lv denied* 81 NY2d 888). And, insofar as those statements may have included exculpatory material *(see, Brady v Maryland,* 373 US 83), the fact that the witnesses were known to, and actually called by, the defense confirms that defendant "was fully able to 'take advantage of any exculpatory testimony that [they] might furnish' " *(People v Gardner,* 162 AD2d 466, quoting *United States v Stewart,* 513 F2d 957, 960), nullifying the impact of any failure of the prosecution to disclose their statements.

As for County Court's refusal to admit into evidence certain correspondence, apparently between two inmates, that referred to a quarrel or "beef" and discussed plans for revenge, the court was entirely correct in finding that in the absence of any proof of who wrote the letters, when they were written or to whom they referred, any possibility that they might establish that another person committed the murder for which defendant was being tried was sheer speculation *(see, People v Jiminez,* 172 AD2d 367, 368, *lv denied* 79 NY2d 828).

Defendant's other claims are equally unavailing.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the judgment is affirmed.