■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN J. MATTHEWS, Appellant. [632 NYS2d 298] —Cardona, P. J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered February 28, 1994, upon a verdict convicting defendant of the crime of murder in the second degree.

On July 27, 1993, Sandra Maloney was found dead in her home in the City of Elmira, Chemung County. She had been stabbed in the chest and her throat cut. Defendant was indicted for the crime of murder in the second degree. Following a jury trial, defendant was convicted as charged and sentenced to an indeterminate prison term of 25 years to life. Defendant appeals.

Defendant's first contention is based on his absence during the questioning of a prospective juror which defendant maintains deprived him of his right to be present during a material part of the trial. During the second day of jury selection, after 10 jurors had been selected and sworn, County Court informed counsel in chambers that just before the recess for lunch, a prospective juror from the remaining venire panel which had been seated but not subjected to formal voir dire approached the bench and asked to speak to the court. The prospective juror stated that he had sat through the jury selection and found that he had an opinion (of defendant's guilt) that he could not lay aside. Upon further questioning in the absence of any counsel or defendant, County Court determined that the prospective juror should be disqualified and dismissed him.

Although defendant failed to preserve this objection in County Court, appellate review is not foreclosed (*see, People v Antommarchi*, 80 NY2d 247, 250; *People v Dokes*, 79 NY2d 656, 662). Because the sidebar questioning of a prospective juror is an ancillary trial proceeding (*see, People v Sprowal*, 84 NY2d 113, 117; *People v Cole*, 83 NY2d 936), the courts "look to the effect that defendant's absence might have on the opportunity to defend as measure of whether the statutory right to be present [*see*, CPL 260.20] at [such a] proceeding is triggered" (*People v Sprowal, supra*, at 118). Unlike the situation faced by the defendants in *People v Sloan* (79 NY2d 386, 390-391), where 18 out of 90 prospective jurors questioned in a sidebar voir dire conducted at the bench and out of the hearing of the defendants were actually chosen for formal voir dire, here the prospective juror had not been chosen for voir dire (*see, People v Wilson*, 211 AD2d 136). Because the defense was not confronted with the prospective juror's presence on the venire, it was not required to formulate a defense to his presence by advancing a challenge for cause or expending a peremptory challenge. Under this circumstance, defendant's opportunity to defend against the charges was not affected. We also fail to see what potential contribution defendant could have made to the proceeding (*see, People v Sprowal, supra*, at 118; *cf., People v Medina*, 208 AD2d 974, 975, *lv denied* 84 NY2d 1035). Defen-

dant suggests that if he or his counsel had been present during the questioning of the prospective juror, the defense might have argued to retain him rather than excuse him. In light of the comments attributed to the prospective juror, we find this argument unpersuasive. Accordingly, we find that defendant's statutory right to be present was not triggered in this case.

Defendant next contends that County Court abused its discretion in permitting the People to exceed the scope of a defense witness's direct examination to elicit certain testimony which tended to rebut a defense claim that the stabbing was an accident arising out of a struggle between two lovers. Defendant's girlfriend testified on direct examination that she resided with defendant at the time of the crime and had never seen the knife allegedly used to commit the stabbing in his possession or in their apartment. She further testified that between June 1993 and July 27, 1993, the date of the victim's death, she discovered the victim's phone number in their bedroom and suspected that defendant was having an affair. On cross-examination, the People were permitted to ask defendant's girlfriend whether defendant engaged in fantasy, read the "*Executioner's*" series of books and watched pornographic videotapes. The People also asked defendant's girlfriend if she was familiar with a particular pornographic videotape which depicted a man threatening to cut the throat of a woman who was lying naked and bound to a table.

Determinations of relevance and the scope of cross-examination are areas committed to the sound discretion of the trial court (*see, People v Gutkaiss*, 206 AD2d 584, 585, *lv denied* 84 NY2d 936, 1032; *see also, People v Whitney*, 211 AD2d 838, *lv denied* 85 NY2d 944). At trial, the People advanced the position that defendant had a sexual interest in the victim, stalked her, unlawfully entered her home through a cellar window while armed with a knife and then fatally stabbed her. The testimony sought to be elicited by the People on cross-examination was probative on the issue of defendant's motive for the homicide and therefore admissible (*see, People v Tice*, 131 NY 651, 655).

Defendant also challenges County Court's refusal to charge intoxication pursuant to Penal Law § 15.25. Viewed in a light most favorable to defendant (*see, People v Farnsworth*, 65 NY2d 734), we nevertheless find insufficient evidence of intoxication " 'for a reasonable person to entertain a doubt as to the element of intent on that basis' " (*People v Rodriguez*, 76 NY2d 918, 920, quoting *People v Perry*, 61 NY2d 849, 850; *see, People v Gaines*, 83 NY2d 925, 927). County Court properly refused to give an intoxication charge.

We also find no merit to defendant's contention that County Court erred in refusing to charge the affirmative defense of extreme emotional disturbance (*see*, Penal Law § 125.25 [1] [a]). In its most favorable light, the evidence established that defendant may have been distraught or angry at the prospect that he had been infected with a sexually transmitted disease based upon the victim's alleged statement to him that she had given him a present. However, there is no reasonable view of the evidence to support the conclusion (*see*, *People v Tulloch [Reid]*, 179 AD2d 794, 795, *lv denied* 79 NY2d 1006, 1008; *People v Kittle*, 154 AD2d 782, 784, *lv denied* 75 NY2d 814) that defendant acted with the characteristic loss of complete control associated with this defense (*compare*, *People v Moye*, 66 NY2d 887, 890; *People v Walker*, 64 NY2d 741, 743; *see*, *People v Murden*, 190 AD2d 822, *lv denied* 81 NY2d 1017; *People v Feris*, 144 AD2d 691, 692).

We have considered defendant's remaining contentions and find that they are either unpreserved for appellate review or lack merit.

White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.