■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DITIAN TURAINE, Appellant. [643 NYS2d 49] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), rendered October 27, 1992, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 23 years to life, unanimously affirmed.

It was not error to exclude defendant from a material witness hearing at which the only issue was whether the witness would be "amenable or responsive to a subpoena at a time when his attendance will be sought" (CPL 620.20 [1] [b]). The sole issue considered at the hearing had no relationship to the merits of the murder charge and defendant's exclusion did not have a substantial relationship to his ability to defend against

the charge (*see, People v Morales*, 80 NY2d 450, 454; *People v Lovett*, 192 AD2d 326, *lv denied* 82 NY2d 722). The record indicates that a transcript of the hearing was turned over to counsel, and to the extent that the record is not entirely clear on the point, defendant has not met his burden of presenting a factual record sufficient to permit appellate review (*see, People v Kinchen*, 60 NY2d 772; *People v Delgado*, 202 AD2d 299, *lv denied* 83 NY2d 966).

Since defendant did not object to the "equal inferences" charge given by the court, the issue is not preserved (*People v Maldonado*, 220 AD2d 212, 213, *lv denied* 87 NY2d 904), and we decline to review it in the interest of justice. Finally, defendant's argument concerning the increased sentence he received from a different Judge upon retrial is not preserved for review (*People v Hurley*, 75 NY2d 887), and we decline to reach it in the interest of justice. Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Williams, JJ.