■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN RENNIE, Appellant. [647 NYS2d 955] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered February 1, 1993, convicting him of criminal sale of a controlled substance in the first degree (two counts), criminal possession of a controlled substance in the

second degree, criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the fourth degree (two counts), and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the defendant's sentences for his convictions of two counts of criminal sale of a controlled substance in the first degree from 25 years to life, to 20 years to life, and making these sentences run concurrently to each other and to the defendant's remaining sentences; as so modified the judgment is affirmed.

Although the defendant raises a *Batson* claim *(see, Batson v Kentucky,* 476 US 79) regarding the People's peremptory challenges of two potential black jurors, upon our review of the voir dire minutes we find no impropriety in the court's finding that these challenges were race-neutral and not pretextual *(see, People v Hernandez,* 75 NY2d 350, *affd* 500 US 352). Similarly unavailing is the defendant's claim that the court improperly granted the People's *Batson-Kern (see, People v Kern,* 75 NY2d 638, *cert denied* 498 US 824) application by seating an individual peremptorily challenged by the defense.

The sentences were excessive to the extent indicated herein.

We have considered the defendant's remaining contentions and find them to be without merit. Miller, J. P., Pizzuto, Joy and McGinity, JJ., concur.