■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBIN TELLIER, Appellant. [648 NYS2d 331] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Levine, J.), rendered April 2, 1992, convicting him of grand larceny in the second degree, grand larceny in the third degree, burglary in the third degree, criminal mischief in the second degree (two counts), unauthorized use of a motor vehicle in the first degree, and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBIN TELLIER, Appellant. [648 NYS2d 659] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Levine, J.), rendered April 2, 1992, convicting him of bribing a witness, tampering with a witness in the third degree, and intimidating a victim or witness in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant's conviction stems from attempting to bribe and intimidate a confidential informant. Some of the conversations between the defendant and the informant were tape recorded. Outside of the defendant's presence, the court, the prosecutor, and defense counsel discussed which portions of the recordings would be redacted. The defendant contends that he was deprived of his right to be present at a material stage of the trial when this proceeding was conducted in his absence. We agree.

A defendant has a right to be present during any proceeding in which his presence could have a substantial effect on his or

her ability to defend against the charges (*see, People v Sloan,* 79 NY2d 386, 392). "A defendant's presence is substantially and materially related to the ability to defend when the defendant 'can potentially contribute to the proceeding' under scrutiny" (*People v Roman,* 88 NY2d 18, 26, quoting *People v Sprowal,* 84 NY2d 113, 118). Here, the defendant was in a position to indicate what was said and what was meant by his statements. The redaction did not involve purely legal issues. Since the defendant could have contributed to the proceeding and assisted in his own defense, he had a right to be present.

The defendant's contention that he was denied his right to be present at the *Sandoval* hearing is, however, without merit (*see, People v Tellier,* 232 AD2d 509 [decided herewith]).

In light of the foregoing, it is unnecessary to address the defendant's remaining contentions. Miller, J. P., Altman, Hart and McGinity, JJ., concur.