■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PETITO, Appellant. [653 NYS2d 106] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered

March 4, 1987, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree and conspiracy in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 20 years to life and 10 to 20 years, respectively, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference, defendant's guilt of the crimes charged was proven beyond a reasonable doubt and the verdict was not against the weight of the evidence. Defendant's claim that the People failed to present any evidence of his knowledge of the weight of the drugs involved is unpreserved (*People v Gray*, 86 NY2d 10), and we decline to review the claim in the interest of justice.

Although the confidential informant was found in contempt of court for refusing to take an oath or to testify, defendant made no showing that the confidential informant's testimony would have been exculpatory, or that there was a significant likelihood that attempts at impeachment would have affected the reliability of the People's case. In the circumstances, the confidential informant's refusal to testify did not compel dismissal of the indictment (*see, People v Jenkins*, 41 NY2d 307, 310-311).

Defendant's presence was not required at ancillary proceedings to establish whether or not the informant's refusal to testify constituted contempt of court (*see, People v Morales*, 80 NY2d 450, 456-457; *People v Turaine*, 227 AD2d 299).

Defendant's current *Rosario* claims in connection with unproduced handwritten notes are unpreserved (*People v Saunders*, 210 AD2d 164, *lv denied* 84 NY2d 1038). Further, in connection with the appeal of the co-defendant, this Court has previously rejected the claim of undue prejudice in connection with the delayed production of *Rosario* material (*People v Cowan*, 169 AD2d 670, *lv denied* 78 NY2d 964), and we see no reason to depart from that determination.

Defendant's additional claims of error are unpreserved and, in any event, would not warrant disturbing the judgment. Concur—Murphy, P. J., Rosenberger, Ellerin and Nardelli, JJ.