■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD COLUCCIO, Appellant. [670 NYS2d 123] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated February 11, 1991 (*People v Coluccio*, 170 AD2d 523), affirming a judgment of the Supreme Court, Suffolk County, rendered November 1, 1988.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes*, 463 US 745). Mangano, P. J., Bracken, Rosenblatt, Ritter and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DAUGHTRY, Appellant. [667 NYS2d 271] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered January 25, 1993, convicting him of criminal sale of a controlled substance in the first degree (two counts) and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that it was error for the court to grant the People's *Batson-Kern* application (*see, People v Kern*, 75 NY2d 638, *cert denied* 498 US 824) and to seat an individual peremptorily challenged by the defense. However, he has failed to demonstrate why this Court should depart from its prior determination of this issue, that no error occurred, made in the appeal of one of his codefendants (*see, People v Rennie*, 231 AD2d 649).

Notwithstanding the defendant's assertion to the contrary, he was not denied his right to be present at a material stage of trial when his attorney conducted an in-court interview of the confidential informant in his absence, after the court denied the attorney's application to have the defendant present for her inquiry into the possibility of calling the informant as a defense witness (*see, People v Turaine*, 227 AD2d 299; *see generally, People v Dokes*, 79 NY2d 656, 659; *see also, People v Rodriguez*, 85 NY2d 586, 590; CPL 260.20).

We have considered the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, McGinity and Luciano, JJ., concur.