■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIOGENES LORA, Appellant. [749 NYS2d 236] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered September 20, 2000, convicting defendant, after a jury trial, of sodomy in the first degree (two counts), sexual abuse in the first degree and endangering the welfare of a child, and sentencing him to an aggregate term of 3 to 6 years, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The court properly exercised its discretion in denying defendant's mistrial motion, the only remedy requested, made on the basis of the victim's mother's brief, volunteered testimony concerning a threat made to her by defendant's son (*see People v Young*, 48 NY2d 995). While this threat had no nexus to defendant and was inadmissible, it was not so prejudicial under the circumstances as to deprive defendant of a fair trial.

Defendant had no right to be present at the preliminary examination of the child victim to determine whether he understood the nature of an oath (*People v Morales*, 80 NY2d 450).

The record establishes that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714).

Defendant's challenge to the court's questioning of witnesses is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that al-

though some of this questioning was unnecessary, the court's conduct did not deprive defendant of a fair trial (*see People v Moulton*, 43 NY2d 944).

We have considered and rejected defendant's remaining claims. Concur—Mazzarelli, J.P., Saxe, Ellerin, Lerner and Marlow, JJ.