**Joseph PETITO, Petitioner–Appellant,**

v.

**C. ARTUZ, Superintendent, Respondent–Appellee.**

**Docket No. 01–2651.**

United States Court of Appeals, Second Circuit.

July 3, 2003.

Theresa M. Suozzi (Terence Kindlon, on the brief), Saratoga Springs, NY, for Appellant.

Sachin S. Pandya, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, Michael S. Belohlavek, Deputy Solicitor General, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, LEVAL, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

**At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse at Foley Square, in the City of New York, on the 3rd day of July, two thousand and three.**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Petitioner-appellant Joseph Petito petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on the basis that he was denied his fundamental constitutional right to be present at trial. In 1987, Petito was convicted, after a jury trial, of selling and conspiring to sell heroin. He was sentenced as a predicate felon to concurrent indeterminate prison terms of twenty years to life for the drug sale, and ten to twenty years for the conspiracy.

At trial, Petito requested that the court compel a confidential informant known as "Mr. Born" to testify. Born's counsel notified the court that Born would not testify and would not enter the court if the defendants were present. The trial judge initially indicated that Petito had not provided a sufficient basis to compel Mr. Born's testimony, and noted that Born's assigned lawyer conveyed details about threats made against Born if he should testify. Counsel for one of the other co-defendants suggested that the court hold a hearing to examine Born without the defendants in the courtroom, which was preferable to the court deciding the matter based on out-of-court statements related by counsel. The trial judge then removed Petito, his counsel, the co-defendants, their counsel, and all of the defendants' family members from the courtroom in order to hold a hearing on Born's objections to taking the stand. Counsel for Petito stated his objection without elaborating. At the hearing, Born stated his refusal to testify because he felt that his life was in danger. The court warned Born that he could be held in contempt and imprisoned, but Born still refused to testify. The court found Born to be in contempt but deferred imposing sentence, telling Born that he could avoid a sentence if he testified. Born never testified, and the court permitted the defense to make reference during trial to Born's failure to testify. The only proceeding Petito claims to have been excluded from was the hearing on Born's refusal to testify.

In 1997, the Appellate Division affirmed Petito's conviction, ruling that his presence at trial was "not required at ancillary proceedings to establish whether or not the informant's refusal to testify constituted contempt of court." *People v. Petito,* 235 A.D.2d 243, 244, 653 N.Y.S.2d 106 (N.Y.App.Div.1997) (citing *People v. Morales,* 80 N.Y.2d 450, 591 N.Y.S.2d 825, 606 N.E.2d 953, 957 (N.Y.1992); *People v. Turaine,* 227 A.D.2d 299, 299–300, 643 N.Y.S.2d 49 (N.Y.App.Div.1996)). After the Court of Appeals denied leave to appeal, *People v. Petito,* 89 N.Y.2d 1098, 660 N.Y.S.2d 392, 682 N.E.2d 993 (N.Y.1997), Petito filed a petition for a writ of habeas

28

corpus. On December 28, 1999, Magistrate Judge Kevin N. Fox issued a Report and Recommendation ("the Report") recommending that the district court deny the petition in all respects, and on July 3, 2001, the district court adopted the Report and ordered that the petition be denied. We granted a certificate of appealability limited solely to the issue of Petito's right to be present at his trial.

We review the district court's denial of a petition for writ of habeas corpus *de novo* and its factual findings for clear error. *Ponnapula v. Spitzer,* 297 F.3d 172, 179 (2d Cir.2002) (citation omitted). A writ of habeas corpus may be granted with respect to a state court decision that has "adjudicated [a petitioner's claims] on the merits" if the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

The constitutional right to be present at one's trial is rooted in the Sixth Amendment but is protected by the Due Process Clause of the Fifth Amendment in cases where the defendant is not actually confronting witnesses or evidence. *United States v. Gagnon,* 470 U.S. 522, 526, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985). A defendant has a due process right to be present at a proceeding "whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge" and when "a fair and just hearing would be thwarted by his absence." *Kentucky v. Stincer,* 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987) (citing *Snyder v. Massachusetts,* 291 U.S. 97, 105–06, 108, 54 S.Ct. 330, 78 L.Ed. 674 (1934)). Petito's presence at the contempt proceeding had little relevance to his opportunity to defend against the charges. Petito argues that he should have had an opportunity to refute Born's

allegation that he had been threatened, but these allegations were limited solely to the contempt proceeding and were never offered as testimony or evidence in Petito's trial. Regardless of the validity of Born's fears, he refused to testify even when faced with imprisonment for contempt, and there is nothing in the record to suggest that Petito's presence would have improved this situation. Therefore, we find that the state court did not unreasonably apply federal law in denying Petito's due process claim to be present at this proceeding.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**