People v Robinson (2018 NY Slip Op 05496)





People v Robinson


2018 NY Slip Op 05496


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2013-07444
 (Ind. No. 4684/10)

[*1]The People of the State of New York, respondent,
v
Kendale Robinson, appellant.


Paul Skip Laisure, New York, NY (De Nice Powell of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), rendered June 4, 2013, convicting him of murder in the first degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The right to the effective assistance of counsel is guaranteed by the federal and state constitutions (see US Const Amend VI; NY Const, art I, § 6; People v Turner, 5 NY3d 476, 479). "Under the federal standard for ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (People v Bodden, 82 AD3d 781, 783, quoting Strickland v Washington, 466 US 668, 694). Under the state standard, a court must examine whether " the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation'" (People v Oliveras, 21 NY3d 339, 346, quoting People v Baldi, 54 NY2d 137, 147; see People v Benevento, 91 NY2d 708, 712). Here the record as a whole demonstrates that the defendant was not deprived of the effective assistance of counsel under either the federal or state constitutional standard (see People v Caban, 5 NY3d 143).
"Pursuant to CPL 310.30, the trial court must respond meaningfully to any jury request or inquiry" (People v Joseph, 145 AD3d 916, 917; see People v Almodovar, 62 NY2d 126, 131). "The trial court is generally in the best position to evaluate the jury's request, and therefore is vested with discretion in framing an appropriate response" (People v Steinberg, 79 NY2d 673, 684). Here, the Supreme Court responded meaningfully to the jury's requests during deliberations and was not required to provide a readback of testimony that was never requested (see People v Williams, 150 AD3d 902, 903-905). Moreover, the jurors gave no indication that their concern had not been satisfied (see id. at 903-905).
The defendant's right to be present at all material stages of the trial was not violated by his absence from an in camera interview with a sworn juror, conducted in the presence of the prosecutor and defense counsel, to determine whether there was a possible juror disqualification. Although a defendant has a statutory right to be present at all material stages of the trial (see CPL [*2]260.20), this right is only a qualified right where the proceedings involved are ancillary (see People v Harris, 99 NY2d 202, 212; People v Morales, 80 NY2d 450, 457). A conference to determine whether a sworn juror should be excluded (see CPL 270.35) is an ancillary proceeding (see People v Harris, 99 NY2d 202, 212). As such, the defendant's presence is required only if it could have had "a substantial effect on [his or her] ability to defend against the charges" (People v Sloan, 79 NY2d 386, 392), or "where defendant has something valuable to contribute" (People v Morales, 80 NY2d 450, 456). Given that the issue of whether a seated juror is grossly unqualified is, generally, a legal determination (see People v Harris, 99 NY2d at 212; People v Morales, 80 NY2d at 457), and, given the circumstances presented here, there is no basis to conclude that the defendant's presence at the in camera interview would have had a substantial effect on the defendant's ability to defend against the charges, or that the defendant would have made a valuable contribution to the proceeding (see People v Terrell, 149 AD3d 1108, 1109). Accordingly, the defendant's right to be present at all material stages of the trial was not violated.
The sentence imposed on the conviction for murder in the first degree did not constitute cruel and unusual punishment in violation of constitutional limitations (see People v Jones, 39 NY2d 694). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention, raised in his pro se supplemental brief, that he was denied the right to counsel, cannot be reviewed on direct appeal, as the failure to raise the issue in the Supreme Court resulted in an inadequate record (see People v McLean, 15 NY3d 117, 122; People v Owens, 129 AD3d 995).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
MASTRO, J.P., ROMAN, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court