*291 OPINION OF THE COURT
William P. Warren, J.
This is an application by the Law Guardian for the infant seeking an order that CPL 60.42 be deemed to apply to this proceeding and that a previously decided motion to strike interrogatories be reargued. Supporting the application is an affirmation of the Law Guardian dated January 31, 1991. The application is opposed by affirmation of the respondent’s counsel dated February 12, 1991, by supplemental affirmation dated February 13, 1991 and by affirmation of February 21, 1991 denoted a surreply. The attorney for the Department of Social Services has submitted an affirmation dated February 13, 1991 in support of the Law Guardian’s application. By affirmation of February 15, 1991 the Law Guardian has submitted a reply affirmation. The court has reviewed and considered all of the papers filed herein.
The underlying proceeding is brought pursuant to article 10 of the Family Court Act claiming that the respondent has sexually abused the infant who is now 15 years of age. It is alleged that the respondent is the stepfather of the infant and that commencing when she was age 4 or 5 and continuing up and until the present, he committed on a regular basis acts of sexual abuse against her. The respondent has entered a general denial to all of the allegations in the petition. On December 13, 1990, he moved this court for an order directing the child to be deposed. This application was opposed by the petitioner’s attorney and the Law Guardian for the child. In her opposing affirmation, the Law Guardian suggested that if the court believed some disclosure should be available to the respondent, then a deposition on written questions (as opposed to oral) would be preferable.
This court by its decision and order of January 3, 1991 denied the application for an oral deposition and granted discovery by written interrogatories. In that same decision, the court directed that the interrogatories be delivered to the Law Guardian by January 11, 1991 and that in the event the Law Guardian objected to any of the questions set forth, such objections should be made known to the court at the pretrial conference scheduled on January 16, 1991, at which time the court would rule on any objections. All counsel appeared before the court on January 16, 1991, at which time the court heard argument as to each objected-to interrogatory and directed which would have to be answered by the child and which the respondent would be precluded from asking.
*292 There are two branches to the instant motion. First, the Law Guardian seeks a determination that CPL 60.42 be applied during the trial of this action. It is argued by the Law Guardian that since CPL 60.42 affords to the victim of a sex abuse offense certain protections in a criminal proceeding, that same victim would be denied equal protection of the law if not given at least the identical protections in a civil, Family Court proceeding.
The respondent argues that CPL 60.42 applies to evidence offered at trial and since none has yet been offered, the issue of its applicability is not ripe for adjudication. Nonetheless, this court believes that since it has been advised that the infant victim will likely testify in this proceeding, it is important that all counsel understand what procedure the court will utilize in determining how this victim may be questioned regarding prior sexual contact or sexual knowledge. Therefore, this request for an advance determination as to trial procedure is appropriate and the court appreciates the opportunity to rule on this issue.
In determining this branch of the motion, the court has examined CPL 60.42. It provides as follows:
"Evidence of a victim’s sexual conduct shall not be admissible in a prosecution for an offense or an attempt to commit an offense defined in article one hundred thirty of the penal law unless such evidence:
"1. proves or tends to prove specific instances of the victim’s prior sexual conduct with the accused; or
"2. proves or tends to prove that the victim has been convicted of an offense under section 230.00 of the penal law within three years prior to the sex offense which is the subject of the prosecution; or
"3. rebuts evidence introduced by the people of the victim’s failure to engage in sexual intercourse, deviate sexual intercourse or sexual contact during a given period of time; or
"4. rebuts evidence introduced by the people which proves or tends to prove that the accused is the cause of pregnancy or disease of the victim, or the source of semen found in the victim; or
"5. is determined by the court after an offer of proof by the accused outside the hearing of the jury, or such hearing as the court may require, and a statement by the court of its findings of fact essential to its determination, to be relevant and admissible in the interests of justice.”
*293 Joseph W. Bellacosa, in his Practice Commentary (McKinney’s Cons Laws of NY, Book 11 A, CPL 60.42, at 564), sets forth the purpose of this statute. "The basic twofold purpose of this enactment was to bar harassment of victims with respect to irrelevant issues and to keep from the jury confusing and prejudicial matters which have no proper bearing on the issue of the guilt or innocence of the accused. It attempts to strike a reasonable balance between protecting the privacy and reputation of a victim and permitting an accused, when it is found relevant, to present evidence of a victim’s sexual conduct.”
CPL 60.42 begins with a general prohibition against admitting evidence of a victim’s sexual conduct and then provides a list of five exceptions. Subdivisions (1) and (2) are clearly inapplicable to a child sex abuse proceeding. Subdivisions (3), (4) and (5) address evidentiary issues which this court believes may arise in the course of a child sex abuse proceeding. For example, subdivision (4) applies when the prosecutor introduces evidence that the accused is the cause of a pregnancy or disease of the victim or the source of semen found in the victim. If the petitioner in a child sex abuse proceeding were to offer evidence that the victim has contracted a sexually transmitted disease from contact with the respondent, under those circumstances, evidence of the victim’s sexual contact with others during the pertinent time frame would tend to rebut a conclusion that the disease came from contact with the respondent. The point of this example is to demonstrate that even if one begins with the premise that a victim’s sexual conduct is not admissible in a child sex abuse proceeding, nonetheless there may be situations where such evidence is relevant to the determination to be made. CPL 60.42 (3), (4) and (5) recognize that there may be such situations and this court believes those possibilities exist in a Family Court proceeding as well.
The thrust of CPL 60.42 is that the prior sexual contact of a victim should not be a subject for exploration in a criminal proceeding unless it is determined by the court to be relevant to deciding the issues before it. If the evidence to be adduced is relevant and otherwise admissible, the court must allow the defendant to offer it.
It is not necessary for this court to declare CPL 60.42 applicable to a Family Court Act article 10 child sexual abuse proceeding for the following reasons. The Family Court has a *294 responsibility in every child abuse and neglect proceeding to protect the child victim who is before it. Family Court Act § 1011 provides as follows: "This article is designed to establish procedures to help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being. It is designed to provide a due process of law for determining when the state, through its [Fjamily [C]curt, may intervene against the wishes of a parent on behalf of the child so that his needs are properly met.” Other sections of the Family Court Act provide further protection for victims. Section 1046 (a) (vi) permits children’s out-of-court statements to be admitted without the necessity of the child testifying. Section 249 requires that all children in child neglect and abuse proceedings be represented by a Law Guardian at each stage of the proceeding. Unlike criminal matters, the proceedings in Family Court are confidential and only open to those specifically authorized by the court to be present. (See, Family Ct Act § 1043.) Unsworn testimony of minors may be taken and they may be interviewed in chambers where the court may take such steps necessary to protect them from abusive examinations. (Family Ct Act § 152 [b]; Matter of Lincoln v Lincoln, 24 NY2d 270; Matter of Bernelle P., 59 AD2d 764; Matter of Fawn S., 123 AD2d 871; Matter of Tara H., 129 Misc 2d 508.)
Consistent with this court’s responsibility to protect children who are before it is the responsibility to assure that they are not subjected to unnecessary or irrelevant questions during the presentation of testimony. While it may not be possible to protect a child who testifies from having to answer any question of a private, sensitive nature dealing with sexual matters because some may be relevant to the issues to be decided, nevertheless the court must and will take all steps possible to assure that such a child is not questioned unnecessarily or in such a way as to put him/her in a position of being embarrassed, harassed or traumatized. This responsibility of a Family Court Judge is consistent with the policy expressed in CPL 60.42. Consequently, the relief requested by the Law Guardian as to the trial procedure is already applicable in the Family Court, not by virtue of CPL 60.42 but as a result of the statutory responsibilities of Family Court Judges. Therefore, it is not necessary to declare CPL 60.42 applicable to the proceeding before the court.
The second branch of the Law Guardian’s motion to reargue the oral motion of January 16, 1991 to strike interrog *295 atories must be denied. The Law Guardian’s basis for reargument is that CPL 60.42 should be applied at trial and, therefore, should be considered when this court decides the motion to strike interrogatories. This argument was not advanced on January 16, 1991 when the motion was argued. A motion to reargue seeks to convince a court that a prior decision was in error. However, it is not an opportunity to advance new arguments or law which were not previously argued. As the Appellate Division stated in Foley v Roche (68 AD2d 558, 567-568): "A motion for reargument, addressed to the discretion of the court, is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law. Its purpose is not to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided (Fosdick v Town of Hempstead, 126 NY 651; American Trading Co. v Fish, 87 Misc 2d 193). Nor does reargument serve to provide a party an opportunity to advance arguments different from those tendered on the original application. It may not be employed as a device for the unsuccessful party to assume a different position inconsistent with that taken on the original motion. As was observed by the Court of Appeals in Simpson v Loehmann (21 NY2d 990), 'A motion for reargument is not an appropriate vehicle for raising new questions’ ”.
Irrespective of this decision to deny reargument, it should be noted that the disclosure provisions of CPLR article 31 were recently made explicitly applicable to child neglect and abuse proceedings by virtue of the enactment of Laws of 1990 (ch 867) effective September 1, 1990. (Family Ct Act § 1083 [d].) However, whenever the court is requested to rule on an application for a protective order in connection with disclosure which is sought, the statute requires the court to consider "the need of the party for the discovery to assist in the preparation of the case and any potential harm to the child from the discovery” (Family Ct Act § 1038 [d]). When this court determined the prior application which asked for an oral deposition of the infant, and instead ordered written interrogatories, it was attempting to follow the dictates of Family Court Act § 1038 (d) by minimizing the harm to the child while still affording the respondent a reasonable opportunity to learn information necessary to present a response to the petition. Thereafter, again the court applied the test of Family Court Act § 1038 (d) and reviewed each and every *296 written interrogatory with counsel in open court, heard argument as to which of the interrogatories should be allowed, and only permitted questions which the court found were relevant to assist the respondent in preparing his case and not unnecessarily intrusive to the child.
Therefore, the court has attempted to do what the Law Guardian has asked be done, which is to handle all aspects of the proceeding, both disclosure and trial procedure, in such a way so as not to permit inquiry into private, sensitive areas of this child’s sexual history and knowledge unless those inquiries are shown to be necessary and relevant to permit the respondent a reasonable opportunity to present his answer to the petition.
The parties are directed to be prepared to proceed to trial in this matter on May 8, 1991 at 2:00 p.m. and May 10, 1991 at 9:30 a.m.