██ In the Matter of PHILIP M., a Person Alleged to be a Juvenile Delinquent.

Family Court Act § 303.1 (2) authorizes Family Court to "consider judicial interpretations of appropriate provisions of the criminal procedure law" in interpreting similar provisions of the Family Court Act *(see, Matter of Eric F.,* 126 AD2d 39, 42). Family Court Act § 311.1 (3) (e) provides that the petition must contain "the precise crime or crimes charged". Further, pursuant to Family Court Act § 311.1 (3) (h), the petition must contain "a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the crime charged and the respondent's commission thereof with sufficient precision to clearly apprise the respondent of the conduct which is the subject of the accusation".

Those provisions are analogous to the accusatory and factual parts of a criminal information (CPL 100.15 [2], [3]) and an indictment (CPL 200.50 [4], [7]). The Court of Appeals has held that "[i]t is a fundamental and nonwaivable jurisdictional prerequisite that an information state the crime with which

the defendant is charged and the particular facts constituting that crime" *(People v Hall,* 48 NY2d 927, *rearg denied* 49 NY2d 918). The requirement serves the dual purpose of providing notice to enable a defendant to prepare for trial and of distinguishing the offense sufficiently to prevent reprosecution *(see, People v McDermott,* 69 NY2d 889, 890). Further, "an indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime. For example, an indictment will be jurisdictionally defective if the acts it accuses defendant of performing simply do not constitute a crime * * * or if it fails to allege that a defendant committed acts constituting every material element of the crime charged" *(People v Iannone,* 45 NY2d 589, 600).

Here, the petition sufficiently identified the crime that respondent was accused of committing and contained the requisite factual allegations. The petition provided respondent with sufficient notice to enable him to prepare for trial. We note in that regard that respondent's counsel presented a vigorous defense at the fact-finding hearing. Accordingly, we conclude that the defect in the petition was not jurisdictional and that the court erred in denying petitioner's motion to amend the petition *(see,* Family Ct Act § 311.5). Additionally, Family Court erred in admitting evidence concerning the victim's prior sexual conduct *(see,* CPL 60.42; *People v Mandel,* 48 NY2d 952, *cert denied and appeal dismissed* 446 US 949; *People v Westfall,* 95 AD2d 581, 583). We, therefore, reverse the order, grant the motion, reinstate the petition and remit the matter to Family Court for further proceedings pursuant to Family Court Act § 345.1. (Appeal from Order of Erie County Family Court, LoRusso, J.—Juvenile Delinquency.) Present—Denman, P. J., Pine, Balio, Lawton and Davis, JJ.