■ In the Matter of JONATHAN F., a Person Alleged to be a Juvenile Delinquent, Appellant. [737 NYS2d 273] —Order of disposition, Family Court, New York County (Mary Bednar, J.), entered on or about November 21, 2000, which, adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of attempted robbery in the first and second degrees, criminal possession of a weapon in the fourth degree, attempted grand larceny in the fourth degree, menacing in the second degree, and unlawful possession of weapons by a person under 16 years old, and placed him with the New York State Office of Children and Family Services for

18 months in a limited secure facility, unanimously modified, on the law, to the extent of conforming the dispositional order to the fact-finding order by substituting (Penal Law) "§ 160.15 (3)" for "§ 160.15 (2)," and otherwise affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the court's determinations concerning credibility. Evidence properly credited by the court clearly established appellant's guilt, and the requisite mental states could be properly inferred from appellant's conduct and the surrounding circumstances.

The evidence establishes that the attempted robbery involved a dangerous instrument rather than a deadly weapon. While the petition erroneously referred to the deadly weapon section (Penal Law § 160.15 [2]), the supporting deposition gave sufficient notice of the actual crime charged in that the complainant stated that a "dangerous instrument" was used (see, Matter of Jason J., 187 AD2d 652, lv denied 81 NY2d 706; Matter of Philip M., 179 AD2d 1034). Furthermore, the order following the fact-finding hearing correctly referred to the dangerous instrument section (§ 160.15 [3]). Since the order of disposition listed the wrong subdivision with regard to the attempted first-degree robbery finding, we modify that order to conform it with the fact-finding order. Concur—Tom, J.P., Sullivan, Rosenberger, Wallach and Buckley, JJ.