■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMAS GARCIA, Appellant. [785 NYS2d 803]—

Rose, J. Appeal from a judgment of the County Court of Otsego County (Coccoma, J.), rendered September 16, 2002, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and sodomy in the third degree.

Defendant and the victim engaged in a series of sexual encounters over the three months prior to August 1, 2001. On that date, an incident occurred that led to defendant's indictment for the crimes of rape, sodomy and sexual abuse. At trial, the victim described her first meeting with defendant when she invited him into her apartment, they engaged in consensual sexual intercourse and he then forcibly subjected her to anal penetration. According to the victim, on a number of later occasions defendant entered her apartment uninvited and engaged in unwanted sexual intercourse with her, although she did not resist or call the police because she was afraid of him and believed that the police would not assist her.

Describing what occurred on August 1, 2001, the victim testified that defendant awakened her by coming to her bedroom window early in the morning, she reluctantly let him into her apartment and he attempted to undress her. The victim, who was wearing a tank top and pants, struggled against his attempts and told him that she "just wanted to go to bed and he couldn't be there." At one point, while trying to remove her pants, defendant "grabbed" her breast with his hand. Defendant then dragged the victim into her bedroom and had sexual intercourse with her. The victim also testified that, after intercourse, defendant began to perform oral sex on her, although she told him to stop. When her yelling did not stop him, she squeezed his head between her thighs. At that point, defendant stopped, bit her on the thigh and again engaged in sexual intercourse with her. The victim later went to an emergency room and the incident was reported to the police. When he testified at

trial, defendant admitted the acts described by the victim, but asserted that they were consensual.

The jury acquitted defendant of rape, but convicted him of sexual abuse in the first degree and sodomy in the third degree. County Court thereafter sentenced him to concurrent prison terms of seven years on the sexual abuse charge and 1 to 3 years on the sodomy charge.

Defendant appeals, arguing primarily that the verdict was not supported by legally sufficient evidence. As to the sexual abuse charge, which was based upon the victim's testimony that he "grabbed" her breast, defendant contends that because the contact was merely incidental to his attempts to remove the victim's pants, the evidence proved neither that this contact was by forcible compulsion nor to gratify sexual desire (see Penal Law § 130.65 [1]). As to the sodomy charge (see Penal Law § 130.40 [3]), defendant argues that the evidence failed to prove the victim's lack of consent because he stopped as soon as she made her objection known to him by squeezing his head between her thighs.

A verdict is legally sufficient if, viewing the evidence in the light most favorable to the People, any rational person could find the defendant guilty on the basis of the evidence at trial (see People v Calabria, 3 NY3d 80, 81 [2004]; People v Rayam, 94 NY2d 557, 560 [2000]). Here, the victim testified that defendant grabbed her breast while he was using physical force to remove her clothing and take her into the bedroom where he engaged in sexual intercourse. With this testimony and the permissible inference that defendant's purpose throughout this process was to gratify his sexual desire, there is a valid line of reasoning leading to the conclusion that defendant used physical force to touch the victim's breast in pursuit of sexual gratification (see Penal Law § 130.65 [1]; People v Sehn, 295 AD2d 749, 751 [2002], lv denied 98 NY2d 732 [2002]; People v Peraza, 288 AD2d 689, 691 [2001], lv denied 97 NY2d 707 [2002]). As to the sufficiency of the evidence of the victim's lack of consent to oral sexual contact, her testimony that she told defendant to stop was legally sufficient evidence that the oral contact was not consensual (see People v Plaisted, 2 AD3d 906, 907 [2003], lv denied 2 NY3d 744 [2004]).

Since a different finding as to either charge would not have been unreasonable, we further find that the jury's choice to believe the victim and discredit defendant's testimony was not "manifestly erroneous [or] plainly unjustified by the evidence" (People v Corporan, 169 AD2d 643, 643 [1991], lv denied 77 NY2d 959 [1991]; see People v Plaisted, supra at 908; People v

*Love,* 307 AD2d 528, 530 [2003], *lv denied* 100 NY2d 643 [2003]).

Defendant also contends that he was denied the effective assistance of counsel for failure to recall the victim and cross-examine her further after obtaining her statement to police, which was provided only after she had testified. Inasmuch as the victim's statement is not in the record, however, this issue regarding counsel's effectiveness is not properly the subject of a direct appeal and should have been raised through a CPL article 440 motion (*see People v Toland,* 267 AD2d 880, 880 [1999], *lv denied* 94 NY2d 907 [2000]; *People v Garcia,* 187 AD2d 868, 868 [1992], *lv denied* 81 NY2d 885 [1993]). Were we to consider counsel's effectiveness insofar as the record permits, we would find that meaningful representation was provided (*see People v Carralero,* 9 AD3d 790, 791-792 [2004]).

Finally, we find neither an abuse of discretion in the sentence imposed nor the presence of extraordinary circumstances justifying a modification, particularly in light of defendant's criminal history showing an escalating pattern of violence against female victims (*see People v Perkins,* 5 AD3d 801, 804 [2004]; *People v Ciarleglio,* 299 AD2d 571, 572 [2002]).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.