■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS HOWARD, Appellant. [798 NYS2d 573]—

Mercure, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered December 12, 2001 in Albany County, upon a verdict convicting defendant of the crimes of sodomy in the first degree (two counts), attempted sodomy in the first degree, sexual abuse in the first degree (four counts) and endangering the welfare of a child (four counts).

Defendant was charged with multiple sex crimes following an investigation of allegations made by four young boys that he had molested them. At the conclusion of a Ventimiglia/Molineux/ Sandoval hearing, Supreme Court permitted the People, on their direct case, to inquire into the facts surrounding defendant's prior sexual abuse of one of the alleged victims. The People did not, however, elicit this evidence during the direct examination of the victim or at any time during the trial, following which defendant was found guilty of all 17 counts. Supreme Court thereafter vacated six of the convictions because the People failed to prove the essential element of defendant's age. Defendant then moved to set aside the verdict pursuant to CPL 330.30 on the ground that the testimony of the victims was not sufficiently corroborated. Supreme Court denied the motion, and defendant was sentenced to an aggregate term of 42 years in prison. He now appeals.

We affirm. Initially, we reject defendant's claim that his

convictions were not supported by legally sufficient evidence. Viewed in a light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), the victims' detailed accounts, together with the testimony of the detective who investigated the allegations of abuse, established every element of the crimes charged beyond a reasonable doubt (*see People v Garcia*, 13 AD3d 818, 819 [2004]; *People v Love*, 307 AD2d 528, 529 [2003], *lv denied* 100 NY2d 643 [2003]). Defendant's contention that the victims' testimony required corroboration is without merit inasmuch as each victim was a competent witness who provided testimony under oath (*see* CPL 60.20 [2]; *People v Gorham*, 17 AD3d 858, 859 [2005]).

Moreover, " 'weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]), we cannot conclude that the jury failed to accord appropriate weight to the evidence before it. Although defendant asserts that the young age of the victims rendered their testimony unreliable, his challenges amount to mere attacks upon the credibility of these witnesses—a determination which the jury properly resolved (*see People v Ortiz*, 16 AD3d 831, 833 [2005]).

Further, in light of defendant's prior criminal history, which includes numerous sex crimes against other child victims, the position of trust he held over the victims in this case and his failure to accept full responsibility for his actions, we find no abuse of discretion or extraordinary circumstances to warrant a reduction in the sentence (*see People v Tirado*, 19 AD3d 712, 714 [2005]; *People v Greene*, 13 AD3d 991, 993-994 [2004]).

Finally, inasmuch as the jury did not consider the evidence of defendant's prior sexual abuse of one of the victims in determining his guilt, it cannot be said that defendant suffered any prejudice from the pretrial ruling on this issue.

Cardona, P.J., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.