■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD HICKS JR., Appellant. [825 NYS2d 836]—

---

Carpinello, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered December 13, 2004, upon a verdict convicting defendant of the crimes of unlawful imprisonment in the second degree, assault in the third degree and forcible touching.

Defendant stands convicted of unlawful imprisonment in the second degree, assault in the third degree and forcible touching following a jury trial. The charges stem from an incident on the evening of March 7, 2004 at the home of his ex-girlfriend. According to the victim's trial testimony, defendant showed up unannounced that evening and asked if he could use her shower for an upcoming court appearance (he lived in a recreational vehicle at the time). Even though the victim acceded to the request and agreed to make him dinner, defendant became very upset and angry when she thereafter denied his request to spend the night.

According to the victim, defendant began yelling at her. Her efforts to get away from him by locking herself in the bathroom proved futile as defendant followed her in there. According to the victim, defendant shoved her, knocking the wind out of her. As she attempted to get up, he threatened "to have his way with [her]" and "to kill [her]" and then punched her in the face with a closed fist, knocking her unconscious. When she came to, she was on her bed naked from the waist down. Her mouth had been duct taped shut and her hands had been duct taped behind her back. Defendant was naked on top of her inserting a foreign object into her rectum. According to the victim, the left side of her face hurt at this time and she had a cut inside her mouth. She pretended to be unconscious until defendant passed out, at which point she summoned help.

According to the trial testimony of a responding State Trooper, the victim was naked from the waist down when he arrived at the scene and her mouth and hands had been duct taped. As he was freeing her, defendant emerged from the bedroom naked. Defendant told this Trooper that the victim pulled a gun on him that night and that he taped her mouth shut so he could get some sleep. Another responding State Trooper testified that the victim reported that defendant "was trying to have his way with her" that night and that defendant had beaten her up.

Notably, during his trial testimony, defendant did not dispute that he duct taped the victim's mouth and hands that evening, stripped her naked from the waist down, placed her stomach-side down on the bed and had contact with her rectum. According to him, the two were arguing over another woman when the 102-pound victim became angry and pointed a gun at him. Defendant, who weighed 254 pounds, was handily able to take this alleged gun away from her and set it aside. Instead of calling police or simply leaving the victim's home, defendant readily acknowledged that he duct taped her hands behind her back. He denied shoving or punching the victim (claiming that she injured her face after stumbling in the bathroom) and denied placing an object in her rectum. He admitted, however, that he removed her clothes and applied petroleum jelly to her rectum in an effort, he claimed, to help a chaffing problem. Defendant also readily admitted that he duct taped her mouth shut but claimed he did so to calm her down and to get some sleep.

Defendant now argues that his convictions on assault and forcible touching were based on legally insufficient evidence and that such verdicts were against the weight of the evidence. Applying the appropriate standard to each inquiry (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), we are unpersuaded. With respect to the assault conviction, defendant specifically contends that the element of substantial pain was not proven. The victim testified that defendant's closed-fist punch knocked her unconscious, caused her face to bruise and caused her a lot of pain for days. Photographs of her face, as well as medical records documenting this injury, were admitted into evidence. In addition, a State Police investigator who interviewed the victim after the incident observed the injury to her face and encouraged her to seek medical attention. This evidence was sufficient to establish the element of substantial pain (*see* Penal Law § 10.00 [9]; *People v Williamson*, 21 AD3d 575, 576 [2005], *lv denied* 6 NY3d 761 [2005]; *see also People v Guidice*, 83 NY2d 630, 636 [1994]).

With respect to the forcible touching charge, the People were required to prove that defendant "intentionally, and for no legitimate purpose, forcibly touch[ed] the sexual or other intimate parts of [the victim] for the purpose of degrading or abusing [her]; or for the purpose of gratifying [his] sexual desire" (Penal Law § 130.52). Here, the jury could readily infer that defendant's conduct that night satisfied all elements of the crime of forcible touching. The jury obviously disregarded his claim that he only had contact with the victim's rectum to relieve her discomfort. According due deference to the jury's opportunity to observe all witnesses' demeanor and evaluate their credibility (*see People v Bleakley, supra* at 494), we will not disturb the verdict on this count.

Defendant also claims that he was denied a fair trial by restrictions placed on his cross-examination of the victim. Noting that the scope and extent of cross-examination is committed to the trial court's sound discretion (*see e.g. People v Love*, 307 AD2d 528, 531 [2003], *lv denied* 100 NY2d 643 [2003]), we discern no abuse of discretion here. Nor did County Court err in refusing to charge justification as a defense to the unlawful imprisonment charge (premised on defendant's claim that he bound the victim's hands behind her back because she allegedly pointed a gun at him during an argument and that he therefore feared for his safety). Even reviewing the record in a light most favorable to defendant (*see e.g. People v Reynoso*, 73 NY2d 816, 818 [1988]; *People v Padgett*, 60 NY2d 142, 144-145 [1983]; *People v Watts*, 57 NY2d 299, 301 [1982]), no reasonable view of it supported a finding that his actions were justified (*see People v Reynoso, supra*). Defendant readily admitted that he had no trouble in promptly taking the gun from the victim when she pointed it at him. Moreover, nothing prevented him from leaving her home at that time and/or contacting police. Under these circumstances, County Court properly refused to charge the jury on the justification defense.

Cardona, P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.