■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARIEL BERLIN, Appellant. [835 NYS2d 54]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered September 28, 2006, convicting defendant, after a jury trial, of sexual abuse in the first degree, and sentencing him to a term of five years, unanimously affirmed.

The verdict was based on legally sufficient evidence. The court properly concluded that the child victim was capable of giving unsworn testimony, and her account of the crime was consistent with defendant's statements to the police. These two forms of evidence, each requiring corroboration, properly cross-corroborated each other (*see People v Coleman*, 42 NY2d 500, 506 [1977]; *People v Zerbst*, 147 AD2d 844, 846 [1989], *affd* 74 NY2d 888 [1989]). Moreover, there was additional evidence establishing defendant's opportunity to commit the crime, and connecting him to it.

Defendant's therapist reported to law enforcement authorities the substance of statements defendant had made relating to an act of sexual abuse of the child victim. We need not determine whether Supreme Court properly permitted the therapist to testify about these statements even though defendant was not the "parent, guardian, custodian or other person legally responsible" for the child (Social Services Law § 413 [1]). This is because defendant waived any privilege when he spoke to the police and gave them the same information he had provided to his therapist (*see People v Figueroa*, 173 AD2d 156, 159 [1991], *lv denied* 78 NY2d 1075 [1991]). Moreover, the oral and written admissions defendant made to the police were more detailed than the statements recounted by the therapist. Thus, even if the therapist should not have been permitted to testify about the statements, the error was harmless.

Nor is defendant entitled to a new trial on account of his claim premised on the rule of completeness (*People v Dlugash*, 41 NY2d 725, 736 [1977]; *People v Walker*, 285 AD2d 364, 365 [2001], *lv denied* 97 NY2d 643 [2001]). At trial, the prosecution

sought to preclude testimony from the therapist that defendant had said he was "revulsed" by the presence of the child and had "expressed remorse." In response, the defense urged that the "entire statement" should come in under the rule of completeness. During cross-examination of the therapist, when defense counsel asked, "Did [defendant] also indicate that he was revolted by," the prosecutor's objection was sustained. At no point did defendant advance the specific argument he raises on appeal: that he should have been permitted to elicit the statement that he had been "revulsed" by the child's presence because it tended to prove he did not touch the child, as the statute requires, "for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00 [3]).

Even assuming that defendant's current claim is preserved, any error in precluding the testimony that he told his therapist he was "revulsed" by the child's presence was harmless. In the first place, defendant's therapist testified that defendant had told him he had "touched the child" after putting on a condom and gloves. Moreover, defendant not only told Detective Purcell that the girl's father told him he had to wear rubber gloves if he wanted to touch her, he admitted that he had rubbed the child's "chest and vaginal area" with his gloved hand. Similarly, defendant also admitted in his written statement that he had "played with the little girl" after putting on rubber gloves and trying to put on a condom. Not only are these admissions difficult to reconcile with the notion that defendant touched the child's genitals for some purpose other than gratifying his sexual desire, the statement about defendant's revulsion does not indicate when he became revolted. Obviously, if defendant became revolted after he touched the child, the statement would have little or no probative value on his state of mind at the time of the touching. Significantly, defendant told Detective Purcell that he became "weirded out" after the child's father bent her over to expose her anus and vaginal area, conduct that occurred after defendant touched the child. For these reasons, it strains credulity to suppose that the jury might have entertained a reasonable doubt on the issue of defendant's purpose in touching the child if the jury had learned about the statement that he became "revulsed" at some point.

Although defendant was charged in the indictment with one count of sexual abuse in the first degree (Penal Law § 130.65 [3]) and one count of endangering the welfare of a child (Penal Law § 260.10 [1]), the prosecution moved to dismiss the latter count at the start of the trial. During the People's case, the court granted the motion, and defendant then objected that the

endangering charge was a lesser included offense of the sexual abuse charge and that he was entitled to its submission. The court adhered to its ruling, stating that the endangering charge was not a lesser included offense of the sexual abuse charge.

Under CPL 1.20 (37), an offense that is of a lesser grade than another is a "lesser included offense" of the greater only if it is impossible, in all conceivable circumstances, to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense (*see People v Glover*, 57 NY2d 61, 63 [1982]). Accordingly, the question is whether it is impossible to subject a "person . . . less than eleven years old" (Penal Law § 130.65 [3]) to sexual contact—i.e., "any touching of the sexual or other intimate parts" of another, "whether directly or through clothing," committed "for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00 [3]), without "knowingly act[ing] in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old" (Penal Law § 260.10 [1]). The answer is no. An actor who, for the purpose of gratifying his sexual desire, fleetingly and momentarily touches, through the clothing of a sleeping child, the sexual or intimate parts of the child's body, is guilty of the sexual abuse offense whenever the child is less than 11 years old. We cannot conclude, however, that every such touching necessarily would be committed with the mens rea necessary for the endangering offense—viz., knowledge or "aware-[ness] that the conduct may likely result in harm to a child" (*People v Johnson*, 95 NY2d 368, 372 [2000] [emphasis deleted]).

We hold, accordingly, that Supreme Court correctly determined that the endangering charge was not a lesser included offense of the sexual abuse charge. Because the endangering offense was not an inclusory concurrent count of the indictment, the court was not required by CPL 300.40 (3) (b) to submit it to the jury under the circumstances prescribed in CPL 300.50, i.e., if there was "a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater" (CPL 300.50 [1]). We note, moreover, that there was not in any event a reasonable view of the evidence that defendant committed the endangering offense but not the sexual abuse offense.

We perceive no basis for reducing the sentence. Defendant's claim that the sentence is unconstitutional as applied to him is unpreserved and without merit. Concur—Friedman, J.P., Nardelli, Gonzalez, McGuire and Malone, JJ.