■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS MANN, Appellant. [839 NYS2d 247]—

Spain, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered July 25, 2005 in Albany County, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and endangering the welfare of a child.

After he allegedly engaged in sexual contact with his girlfriend's then 10-year-old daughter, defendant was indicted for two counts of criminal sexual act in the first degree, one count of sexual abuse in the first degree and one count of endangering the welfare of a child. Following a trial, a jury returned a verdict convicting defendant of sexual abuse in the first degree and endangering the welfare of a child. The jury could not reach a verdict on the two counts charging defendant with criminal sexual act in the first degree and, with the People's consent, Supreme Court dismissed those counts. Defendant was then sentenced as a second violent felony offender to a prison term of seven years for the crime of sexual abuse in the first degree to be served concurrently with a one year jail sentence for endangering the welfare of a child. On defendant's appeal, we affirm.

We turn to defendant's arguments which were preserved for appellate review by motion or a timely objection. Prior to trial the People moved to preclude defendant from cross-examining the victim regarding her prior sexual conduct pursuant to CPL 60.42—the Rape Shield Law. In response, defendant made an offer of proof pursuant to CPL 60.42 (5), the interest of justice exception to this law. The offer of proof alleged that the victim had "act[ed]" out sexually on a number of occasions, including one instance involving the victim, her sister and a female cousin which resulted in the family being referred to a juvenile sex offender program. Defendant also sought to introduce evidence that the victim made, but then retracted, an accusation of abuse against a 16-year-old male cousin and that she watched pornography on more than one occasion. After hearing argument, Supreme Court concluded that the proffered evidence had limited probative value that was outweighed by the child's statutory right to be protected from harassment and the need for confidentiality. The court determined, however, that the child's observation of pornography was not sexual conduct within the

meaning of CPL 60.42 and permitted questioning on that issue.*

We agree with Supreme Court that defendant failed to establish the probative value of the alleged sexual conduct by the victim. The vague allegations of kissing, touching and "naked games" between young female relatives are not the type of acts which would be highly probative of a witness's credibility. Accordingly, we find that the court acted within its discretion in denying admission of this evidence (*see People v Williams*, 81 NY2d 303, 311 [1993]; *People v Kellar*, 174 AD2d 848, 849 [1991], *lv denied* 78 NY2d 1128 [1991]).

Next, defendant challenges the decision of County Court (Breslin, J.) to deny his motion to suppress certain oral statements made to police. At the suppression hearing, defendant's parole officer testified that, after being advised by police that they wanted to question defendant concerning an allegation of sexual abuse and armed with the justification that defendant had failed to appear for his last two parole meetings, he picked defendant up at his workplace and asked him to accompany him to the police station for a parole meeting. According to the parole officer, defendant voluntarily went with him and, once in the car, the parole officer informed defendant that the police also wanted to talk to him. Defendant did not object and, after arriving at the station, defendant and his parole officer spoke for approximately 25 minutes in an interview room about matters unrelated to the alleged sexual offenses. Defendant was unrestrained and took a call on his cell phone during the interview. When that interview ended, police officer Michael Fonda came into the room and immediately read defendant his *Miranda* rights. After expressing his understanding of those rights and his willingness to continue talking with police, defendant denied the allegations but made several statements pertaining to his relationship with the victim's mother which were used by the People during cross-examination of defendant. When defendant stated that he did

---

* Although not separately discussed by Supreme Court, the victim's complaint regarding the 16-year-old cousin also falls outside the scope of CPL 60.42 but, given that defendant's proffer of proof did not establish that the complaint was false or that it was suggestive of a pattern of duplicitous behavior on the part of the victim, it was, nevertheless, properly precluded at trial (*see People v Gibson*, 2 AD3d 969, 972-973 [2003], *lv denied* 1 NY3d 627 [2004]; *People v Sprague*, 200 AD2d 867, 868 [1994], *lv denied* 83 NY2d 877 [1994]). On appeal, defendant also contends that the court should have permitted him to cross-examine the victim with regard to her alleged sexual abuse of defendant's three-year-old son. Defendant, however, specifically abandoned that request prior to trial and, in any event, has proffered absolutely no specifics or proof of any kind to substantiate this allegation.

not want to answer any more questions without an attorney, the interview immediately ended.

Here, defendant's statements were made after a valid waiver of his right to counsel and, once that right was asserted, questioning ceased. Under these circumstances, we find that the suppression court's decision that neither defendant's Fifth or Sixth Amendment rights were violated by allowing the People to use statements he made to the police is amply supported (*see People v Barton*, 13 AD3d 721, 722 [2004], *lv denied* 5 NY3d 785 [2005]; *People v Vandunk*, 2 AD3d 1058, 1059-1060 [2003], *lv denied* 3 NY3d 742 [2004]; *People v Porter*, 256 AD2d 816, 817 [1998]).

Defendant also argues that the People's cross-examination exceeded the scope of his direct testimony; he asserts that he was prejudiced by questions concerning the fact that the child's mother—defendant's girlfriend—had refused to engage in the type of conduct that defendant was accused of perpetrating upon the victim. Here, defendant's direct testimony was very limited, consisting of his denial of the allegations against him and his version of his movements through the house on the night in question. Nonetheless, given "that the scope and extent of cross-examination is committed to the trial court's sound discretion," we conclude that Supreme Court acted within its discretion in permitting this cross-examination as relevant in establishing his possible motivation for the alleged crimes (*People v Hicks*, 35 AD3d 1027, 1030 [2006]; *see People v Matthews*, 220 AD2d 822, 824 [1995], *lv denied* 87 NY2d 904 [1995]).

Defendant's contentions that the evidence was legally insufficient to support his convictions due to the age of the child witness, that the prosecutor engaged in misconduct by vouching for the credibility of the victim, and that Supreme Court erred in its charge to the jury are not preserved for our review. Accordingly, we address them now only in the context of defendant's argument that he received ineffective assistance of counsel. The pertinent question before us, therefore, is whether, despite counsel's alleged shortcomings—including the failure to preserve these issues—defendant received "meaningful representation" when all relevant circumstances are considered (*People v Henry*, 95 NY2d 563, 565 [2000]; *see People v Baldi*, 54 NY2d 137, 147 [1981]).

The premise of defendant's legal sufficiency argument, that Supreme Court did not ascertain whether the child understood her oath before she testified, is inapposite inasmuch as the victim witness, at age 11, is presumed competent to testify and nothing on the record suggests otherwise (*see* CPL 60.20; *People v Howard*, 20 AD3d 768, 769 [2005], *lv denied* 5 NY3d 806

[2005]; *People v Gillard*, 7 AD3d 540, 541 [2004], *lv denied* 3 NY3d 659 [2004]). Further, the detailed testimony given by the child recounting each step in the sequence of events, including a detailed description of defendant's clothing and naked body, was sufficient to establish every element of the crimes charged beyond a reasonable doubt, i.e., that defendant "subject[ed] another person to sexual contact . . . [w]hen the other person [was] less than eleven years old" (Penal Law § 130.65 [3]) and "knowingly [endangered] the physical, mental or moral welfare of a child" (Penal Law § 260.10 [1]).

Further, while not required, the child's testimony was corroborated by the testimony of a nurse who examined the child less than four days after the alleged sexual contact and found symptoms consistent with the child's account. It was also established that the boxer shorts that the victim described defendant as wearing that night had seminal fluid on them and, consistent with the victim's testimony that defendant came into her room after the assault and smoked a cigarette, a cigarette butt with defendant's DNA was discovered in her room. Finally, the victim's mother testified that, following the incident, she noticed uncharacteristic behavior from both the victim and defendant. In light of the evidence adduced at trial, we find legally sufficient evidence to support the convictions and conclude that the jury did not fail to accord appropriate weight to the evidence before it (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Howard, supra* at 769; *People v Garcia*, 13 AD3d 818, 819 [2004]). Thus, we find no prejudice to defendant by virtue of defense counsel's failure to preserve this issue.

Likewise, we are unpersuaded that a timely objection by counsel during the People's summation would have impacted the trial. Viewing the summation as a whole, we conclude that the People's remarks giving credence to the victim were appropriate responses to the defense's argument during summation that the victim lied and that she had been coached (*see People v Barber*, 13 AD3d 898, 900 [2004], *lv denied* 4 NY3d 796 [2005]).

We have also reviewed Supreme Court's charge to the jury and discern no error. Defendant's complaint that counsel failed to adequately prepare him to testify involves matters which are outside the scope of the record and cannot be explored on this direct appeal (*see People v Washington*, 3 AD3d 741, 743 [2004], *lv denied* 2 NY3d 747 [2004]). Our review of the record reveals that defense counsel made numerous pretrial motions and objections during trial, cross-examined the People's witnesses and delivered cogent arguments in court and—arguably as a result—

defendant was not convicted of the two most serious crimes charged. Under these circumstances, we find that defendant was not deprived of meaningful representation (*see People v De Marco*, 33 AD3d 1045, 1046 [2006]; *People v Wallis*, 24 AD3d 1029, 1032-1033 [2005], *lv denied* 6 NY3d 854 [2006]).

Finally, in light of the nature of the crimes committed and defendant's extensive criminal history, we discern no extraordinary circumstances or abuse of discretion to warrant disturbing the imposition of the maximum allowable sentence (*see People v Dunton*, 30 AD3d 828, 830 [2006], *lv denied* 7 NY3d 847 [2006]).

We have reviewed and considered defendant's remaining contentions and find them unavailing.

Mercure, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.