[848 NYS2d 407]

In the Matter of JANE DOE and Others, Children Alleged to be Abused and/or Neglected. ALBANY COUNTY DEPARTMENT OF CHILDREN, YOUTH AND FAMILIES, Respondent; FRANCIS TT., Appellant.

Third Department, December 20, 2007

**APPEARANCES OF COUNSEL**

*Paul J. Connolly,* Delmar, for appellant.

*Jeffrey G. Kennedy, Albany County Department for Children, Youth & Families,* Albany, for respondent.

*Charles J. Keegan,* Albany, *Law Guardian.*

**OPINION OF THE COURT**

Spain, J.

In October 2004, petitioner commenced this Family Ct Act article 10 proceeding against respondent alleging that he had sexually abused the then 10-year-old daughter (hereinafter the girl) of his girlfriend on September 26, 2004 while the girl was in his care, and that she was an abused and/or neglected child. The petition alleged that the three other children in the home—the two children of respondent and his girlfriend (born in 2001 and 2004), and the girlfriend's other child (born in 1995)—were derivatively abused and/or neglected. While that petition was pending, respondent was convicted, following a jury trial, in Supreme Court, Albany County, of sexual abuse in the first degree (*see* Penal Law § 130.65 [3]) and endangering the welfare of a child (*see* Penal Law § 260.10 [1]) for his September 26, 2004 conduct of subjecting the girl to sexual contact. His convictions and seven-year prison sentence were upheld on appeal (*People v Mann,* 41 AD3d 977 [2007], *lv denied* 9 NY3d 924 [2007]).

After the convictions, petitioner moved for summary judgment on the Family Ct Act article 10 petition based upon the

criminal conviction and principles of collateral estoppel. Respondent opposed, arguing that application of the rape shield law (*see* CPL 60.42 [5]) at his criminal trial had denied him a full and fair opportunity to litigate his defense of innocence, foreclosing collateral estoppel. In a well-reasoned decision, Family Court rejected respondent's claims and granted petitioner's motion for summary judgment, finding the girl to be an abused child and the other three children to be derivatively neglected. On respondent's appeal, we affirm.

To the extent respondent attempts to relitigate—in this Family Ct Act article 10 proceeding—the propriety of the application of the rape shield law at his *criminal trial,* those arguments have been rejected by this Court on his appeal from his criminal conviction (*People v Mann,* 41 AD3d at 978-979). They will not be entertained again here.

With regard to petitioner's successful summary judgment motion, it is an appropriate device in Family Court proceedings where no triable issues of fact exist (*see Matter of Suffolk County Dept. of Social Servs. v James M.,* 83 NY2d 178, 182 [1994]). A criminal conviction may be given collateral estoppel effect in a Family Court proceeding where (1) the identical issue has been resolved, and (2) the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct (*see id.* at 182-183; *Matter of Diana N.,* 34 AD3d 1058, 1059 [2006]; *Matter of Denise GG.,* 254 AD2d 582, 583 [1998]). Here, there is no dispute that the criminal conviction resolved the identical issue presented by this petition, i.e., respondent's sexual abuse of the girl on a specific date. The only issue is whether the application of the rape shield law in his criminal trial operated to deprive him of a "full and fair opportunity" to litigate the issue of his guilt, precluding the application of collateral estoppel principles in this Family Ct Act article 10 proceeding. The answer is, decidedly, no.

Under the rape shield law, "[e]vidence of a victim's sexual conduct shall not be admissible in a prosecution for an offense or an attempt to commit an offense [proscribed by article 130] of the penal law" (CPL 60.42) except in certain narrowly described situations. The United States Supreme Court "has recognized that [such laws] express the States' legitimate interest in giving rape victims 'heightened protection against surprise, harassment, and unnecessary invasions of privacy' " (*People v Williams,* 81 NY2d 303, 313 [1993], quoting *Michigan v Lucas,* 500 US 145, 150 [1991]).

At respondent's criminal trial, he sought to introduce evidence regarding the victim's alleged sexual conduct under the "interests of justice" provision of the rape shield law (CPL 60.42 [5]). After respondent made an offer of proof and arguments were heard (*see People v Williams*, 81 NY2d at 313-315), Supreme Court determined that the evidence had little probative value which was outweighed by the victim's interests. On appeal, we upheld the court's discretion and respondent's convictions, finding that his "vague allegations [regarding the victim's past conduct] are not the type of acts which would be highly probative of a witness's credibility" (*People v Mann*, 41 AD3d at 979). Thus, petitioner met its prima facie burden of showing entitlement to application of collateral estoppel, and sustained its burden on this Family Ct Act article 10 petition (*see Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d at 182-183).

In opposing petitioner's motion and seeking to avoid collateral estoppel effect of his criminal conviction, respondent merely submitted the affidavit of his counsel, not based upon personal knowledge, conclusorily claiming that evidence which was precluded at trial under the rape shield law would have proven that the girl was previously\* the victim of sexual abuse perpetrated by someone other than respondent, and would have created a reasonable doubt that respondent was the perpetrator. Respondent did not submit an affidavit or any documentation of or support for his trial offer of proof. Respondent's submissions in opposition were, consequently, patently deficient and did not demonstrate the existence of questions of fact requiring a trial on this Family Ct Act article 10 petition (*see id.* at 183; *Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]).

Further, although we need not decide the issue, respondent's underlying supposition that evidence which is precluded by the rape shield law is necessarily admissible in a Family Court proceeding is not supported by any authority and, indeed, there is authority to the contrary (*see Matter of Philip M.*, 179 AD2d 1034, 1035 [1992]; *Matter of Trisha M.*, 150 Misc 2d 290, 291-294 [1991] [upholding Family Court's authority to limit questioning of a child concerning prior sexual conduct]). Finally, we outright reject the contention that preclusion of evidence

---

\* Notably, this misses the mark because the issue is not whether the girl was ever the victim of abuse by another person but, rather, whether defendant/respondent committed the acts alleged against this girl in the indictment/petition.

under the rape shield law on the ground that it is not sufficiently relevant or probative at respondent's criminal trial, after due consideration of the individualized circumstances and interests in the prosecution (*see People v Williams*, 81 NY2d at 313), operated to deny him a full and fair opportunity to litigate the issue of his guilt of the offenses charged or the relevance of the proffered evidence. Thus, respondent has not met his burden of defeating application of collateral estoppel based upon the absence of a full and fair opportunity to litigate, and Family Court was within its discretion in giving collateral estoppel effect to his affirmed criminal conviction (*see Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d at 182-183; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]).

Turning to respondent's claim that Family Court should not have found the other children to be derivatively neglected based solely upon his criminal convictions, we disagree. "A finding of derivative neglect is appropriate where the evidence as to a directly abused child demonstrates that a respondent's parental judgment is so impaired that the respondent presents a substantial risk of harm to any child in his or her care" (*Matter of Jewle I.*, 44 AD3d 1105, 1106 [2007] [citations omitted]; *see Matter of Sabrina M.*, 6 AD3d 759, 761 [2004]; *cf. Matter of Cadejah AA.*, 33 AD3d 1155, 1157 [2006]). Thus, Family Court properly determined that the girl is an abused child (*see* Family Ct Act § 1012 [e] [iii]) and the other three children are derivatively neglected (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [a] [i]).

CREW III, J.P., PETERS, CARPINELLO and MUGGLIN, JJ., concur.

Ordered that the order is affirmed, without costs.