■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN SCOTT, Appellant. [889 NYS2d 279]—

Rose, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered June 16, 2008, upon a verdict convicting defendant of the crimes of rape in the second degree and endangering the welfare of a child (three counts).

Despite the 23-year-old defendant's testimony that he had not engaged in sexual intercourse with a 13-year-old girl (hereinafter victim A) during a party at the home of a member of his family, the jury convicted him of one count of rape in the second degree and three counts of endangering the welfare of a child. Two of the latter counts were based on evidence that two 14-year-old girls at the party (hereinafter victims B and C) became aware of his conduct with victim A even though they were not in the room where the sexual intercourse occurred. Defendant now appeals, and we affirm.

Initially, defendant contends that County Court abused its discretion in its rulings regarding whether to exclude two jurors for cause. During jury selection, the prosecutor posed a question to the prospective jurors about the absence of DNA evidence in the case. After further reflection, but while jury selection was still underway, a sworn juror advised the court that the prosecution should offer DNA evidence to support the charge of rape. Although the juror was excused without further inquiry, we are unpersuaded that County Court abused its discretion (*see People v Jackson*, 182 AD2d 919, 919 [1992], *lv denied* 80 NY2d 832 [1992]). County Court also denied defendant's challenge to a second juror who reported that one of the prosecutors had

represented her infant son 13 or 14 years earlier. Given that there was no indication of any relationship between the prosecutor and the juror for such an extended period of time since the representation had ended, we cannot say, as a matter of law, that the failure to disqualify the juror was error (*see People v Provenzano*, 50 NY2d 420, 424-425 [1980]; *People v Williams*, 243 AD2d 833, 837 [1997], *lv denied* 91 NY2d 931 [1998]).

Defendant also contends that the evidence was legally insufficient to establish the charges of endangering the welfare of a child as to victims B and C because they were not present during his alleged sexual intercourse with victim A and, therefore, could not have been injured by it. While this specific issue of the sufficiency of the evidence of the likelihood of injury was not properly preserved at trial, we will necessarily consider it in reviewing the weight of the evidence adduced in support of this element of the crime (*see People v Loomis*, 56 AD3d 1046, 1046-1047 [2008]; *People v Echavarria*, 53 AD3d 859, 861 [2008], *lv denied* 11 NY3d 832 [2008]). For a defendant to be convicted of endangering the welfare of a child, he or she must be found to have "knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old" (Penal Law § 260.10 [1]; *see People v Johnson*, 95 NY2d 368, 372 [2000]; *People v Bray*, 46 AD3d 1232, 1234 [2007]). Here, there was evidence that the bedroom where defendant engaged in sexual intercourse with victim A was the center of activity for the teenagers at the party because the alcoholic beverages were kept there. There was also evidence that victims B and C were just outside the bedroom and could have overheard defendant's activities or entered the room at any time. Inasmuch as defendant was aware of these facts, and he does not dispute that his conduct with victim A could harm victims B and C if it were known or observed by them, the jurors, drawing upon their common sense and experience, could reasonably conclude that he committed the crime of endangering their welfare.

Next, defendant's right to confront witnesses was not unduly curtailed by County Court's refusal to apply the interest of justice exception to the Rape Shield Law (*see* CPL 60.42 [5]). Inasmuch as victim A's consent was not an issue with respect to the rape charge of which defendant was convicted (*see* Penal Law § 130.30 [1]), the connection between her promiscuity and the credibility of her claim that sexual intercourse occurred is so tenuous and illogical that such evidence would have been irrelevant (*see People v Segarra*, 46 AD3d 363, 364 [2007], *lv denied* 10 NY3d 816 [2008]; *People v Mann*, 41 AD3d 977, 979

[2007], *lv denied* 9 NY3d 924 [2007]; *People v White*, 261 AD2d 653, 655-656 [1999], *lv denied* 93 NY2d 1029 [1999]). Defendant further argues that he could have used victim A's sexual activity with the party's 16-year-old host to impeach victim C's testimony that defendant's sexual conduct was the reason victim A was crying after being alone with him in the bedroom. The limited value of such evidence in impeaching victim C's testimony as to a collateral matter, however, was outweighed by victim A's statutory right to confidentiality and the prejudicial impact it could have on the jury's consideration of the charges (*see People v Mann*, 41 AD3d at 978; *People v Nunez*, 9 AD3d 471, 472 [2004], *lv denied* 4 NY3d 766 [2005]; *People v White*, 261 AD2d at 656).

Finally, contrary to defendant's contention, the child endangerment charge with respect to victim A was not a lesser included offense of rape in the second degree (*see People v Beauharnois*, 64 AD3d 996, 1001 [2009]; *People v Berlin*, 39 AD3d 351, 354 [2007], *lv denied* 9 NY3d 840 [2007]).

Peters, J.P., Spain, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed.