■ In the Matter of Trevor McK., a Child Alleged to be Neglected. Administration for Children's Services, Appellant; Teanja N.T., Respondent. [991 NYS2d 312]—

Order, Family Court, Bronx County (Karen I. Lupuloff, J.), entered on or about February 26, 2014, which, after a hearing, dismissed with prejudice the petition alleging that respondent mother had neglected the subject child, unanimously affirmed, without costs.

The Family Court's determination, that petitioner failed to demonstrate by a preponderance of the evidence that the mother's mental condition placed the child in actual or imminent danger, has a sound and substantial basis in the record (*Matter of Jayvien E. [Marisol T.]*, 70 AD3d 430, 435-436 [1st Dept 2010]). On appeal, the Family Court's assessment of witness credibility and its fact-finding are afforded great deference (*see Matter of Brittni K.*, 297 AD2d 236, 237-238 [1st Dept 2002]). Here, we find no reason to interfere with the Family Court's ruling. Although the mother may have some problems and may be in denial regarding the extent of her son's misdeeds, there is support in the record for the court's conclusion that the mother's behavior did not rise to the level required to support a neglect finding.*

The court providently exercised its discretion in denying the attorney for the child's application seeking a mental health evaluation of the mother. The application was made during the hearing, and the record fails to satisfactorily establish why the application was not made sooner by the petitioner or the child's attorney. Although petitioner, in its reply brief, agrees with the child's attorney that the mid-hearing request for a mental health evaluation should have been granted, it does not request that the case be remanded for an evaluation. Rather, petitioner argues that the evidence it presented was sufficient to support a neglect finding, a position we reject. Concur—Gonzalez, P.J., Acosta, DeGrasse, Freedman and Richter, JJ.

Motion to strike portions of briefs denied.

---

* We note that at the time the briefs were filed, the child no longer lived with his mother as a result of the determination in the juvenile delinquency case.