Matter of J.W. (2026 NY Slip Op 00868)

Matter of J.W.

2026 NY Slip Op 00868

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Moulton, J.P., Friedman, González, O'Neill Levy, Chan, JJ. 

Docket No. E-35002/23|Appeal No. 5843|Case No. 2025-01223|

[*1]In the Matter of J.W., Respondent-Appellant, A Person Alleged to be a Juvenile Delinquent. Presentment Agency

Dawne A. Mitchell, The Legal Aid Society, New York (Hannah Kaplan of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (MacKenzie Fillow of counsel), for Presentment Agency.

Order of disposition, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about September 23, 2024, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that appellant committed acts which, if committed by an adult, would constitute the crimes of criminal sexual act in the first and third degrees; sexual abuse in the first, second, and third degrees; sexual misconduct; and endangering the welfare of a child, and ordered a conditional discharge for a period of 12 months, unanimously modified, on the law, to the extent of amending the fact-finding and dispositional orders to reflect that the second count of the petition charged a violation of Penal Law § 130.65(1) rather than Penal Law § 130.65(3), and otherwise affirmed, without costs.
Family Court's findings comported with the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The victim, age 12 at the time of the incident, provided a detailed account of the conduct leading to the sexual abuse, and her account was corroborated by her largely identical statements to medical professionals at the hospital. In addition, the victim's seven-month delay in reporting the incident was satisfactorily explained. There is no basis for disturbing the court's credibility determinations (see Matter of Trevor McK. [Teanja N.T.], 120 AD3d 416, 417 [1st Dept 2014]).
The petition contained a typographical error to the extent that it listed Penal Law § 130.65(3) (sexual abuse when the other person is less than 11 years old) rather than Penal Law § 130.65(1) (sexual abuse by forcible compulsion) as the second count. However, the text of that count clearly alleged that respondent subjected the victim to sexual contact by forcible compulsion, and the supporting deposition contained the requisite factual allegations, which were consistent with conduct proscribed by Penal Law § 130.65(1). Moreover, the petition correctly charges first-degree criminal sexual act, which also requires forcible compulsion, and Family Court found sufficient proof to support that charge (former Penal Law § 130.50[1]). Appellant cites no prejudice from the typographical error in the petition. Accordingly, we modify the orders of fact-finding and disposition (see Matter of Jonathan F., 290 AD2d 385, 386 [1st Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026